**Peter V. CROLICH, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 1515.**

United States District Court
S. D. Alabama, S. D.
June 28, 1956.

**110**

Vincent F. Kilborn, Mobile, Ala., for plaintiff.

Ralph Kennamer, U. S. Atty., Keener T. Blackmarr, Asst. U. S. Atty., Mobile, Ala., for defendant.

THOMAS, District Judge.

This is an action, pursuant to Section 3772, Internal Revenue Code 1939, 53 Stat. 465, 26 U.S.C.A. § 3772, to recover interest, allegedly overpaid in the amount of $448.86, on a federal income tax deficiency for the year 1946.

Jurisdiction is conferred upon the court by virtue of 28 U.S.C.A. 1346. The cause is before the court on plaintiff's motion for summary judgment, and has been submitted on briefs. There being no dispute as to any genuine issue of material fact, judgment is rendered pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

### Findings of Fact

Plaintiff filed his income tax return for the year 1946 according to the time allowed by law. In July 1952, the Collector of Internal Revenue made a jeopardy assessment against plaintiff in the amount of $14,346.98, as a deficiency for the year 1946, together with interest and a 50% fraud penalty. Notice and demand for payment of the deficiency, interest, and penalty, was given plaintiff July 18, 1952. Formal determination was made by the Commissioner of Internal Revenue in the foregoing amount. Plaintiff, in the time allowed by law, filed his petition with the Tax Court of the United States for redetermination of the said deficiency. During the time plaintiff's petition was pending before the Tax Court, no money was paid toward settlement of the jeopardy assessment; nor was there ever posted, for the purpose of staying execution of the jeopardy assessment, any jeopardy bond, as authorized by Section 273(f), Internal Revenue Code 1939, 53 Stat. 85, 26 U.S.C.A. § 273(f).

On March 1, 1955, the Tax Court determined that there was a deficiency due from plaintiff for the year 1946, in the

amount of $7,500, without penalty. Plaintiff offered, May 10, 1955, to pay to the District Director of Internal Revenue the amount of the deficiency, plus interest, at the rate of 6%, from March 15, 1947, to May 10, 1955. The District Director refused plaintiff's offer of payment, and gave notice and demand for payment of the deficiency plus interest from the due date of March 15, 1947, to July 18, 1952, plus interest on the total of those sums from July 18, 1952, to May 10, 1955. This latter method of calculating interest on interest increased the total amount claimed due by $448.86. Plaintiff paid under protest the sum demanded by the collector, and duly filed claim for refund of $448.86, which was denied; hence this suit.

The legality of the method of calculating the interest assessed by the Director is the point presented to this court for determination.

## Conclusions of Law

■ Statutes levying taxes are not to be extended by implication beyond the clear import of the language used, and in case of doubt are construed most strongly against the government.[1]

■ That a jeopardy assessment is merely a method of collecting an ordinary deficiency is made clear in the House and Senate Reports on the 1954 Internal Revenue Code.[2] Interest on ordinary deficiencies under the 1939 Code is assessed at 6% "from the date prescribed for the payment of the tax * * * to the date the deficiency is assessed". See Section 272(a) and (b), and Section 292, 26 U.S.C.A. §§ 272(a, b), 292. These sections have not been interpreted by the internal revenue department as providing for the collection of inter-

est on interest in the case of an ordinary deficiency for any period prior to a final determination of the deficiency by the Tax Court, after which the deficiency, with interest, is assessed by the collector.

Interest on a jeopardy assessment is calculated by the collector, under the 1939 Code, from the date the tax was due until the date of the jeopardy assessment, and demand is made for the interest at the time of the jeopardy notice. See Section 273(a). When a taxpayer against whom a jeopardy assessment, with interest, has been made, files his petition with the Tax Court, the Court determines the amount which should have been assessed as the deficiency, just as in the case of an ordinary deficiency.[3] The Tax Court does not assess interest in either case,[4] though it may determine in either case whether any penalty should be attached.[5] If a jeopardy assessment has been made by the collector, the amount determined by the Tax Court as the deficiency may be greater or less than the jeopardy assessment. Therefore special provision is made in Section 273(i) for collecting the difference or refunding the excess to the taxpayer. For the same reason, and also because part of the interest has already been assessed (and possibly collected by the collector), special provision is made in Section 297, 26 U.S.C.A. § 297, for collecting interest after the ruling of the Tax Court in cases involving jeopardy assessments. Under this special provision for the collection of interest, the principal amount on which the interest is to be calculated is the amount determined by the Tax Court as the amount of the deficiency (less any portion of this amount already paid under the jeopardy assessment or otherwise).[6] As stated above, this

1. 59 F.D. 627–633.

2. 1954 U.S.Code Cong. and Adm.News, pages 4565 and 5239.

3. Section 273(i) is the counterpart of Section 271(b), 26 U.S.C.A. § 271(b), Internal Revenue Code 1939.

4. United States v. Globe Indemnity Co., 2 Cir., 94 F.2d 576, 578; Standard Port-

land Cement Co. v. Commissioner, 3 Cir., 80 F.2d 585, 587.

5. Section 272(e) and Section 273(c), Internal Revenue Code 1939.

6. This is the amount referred to in Section 297 as "the amount collected under section 273(i)". It may also include penalties with which we are not here concerned.

amount does not include interest, as the Tax Court never grants interest in fixing the amount of the deficiency. On this amount fixed by the Tax Court (less any part of the deficiency already paid), the collector (under Section 297) collects interest at the rate of 6% per annum from the date of the jeopardy notice and demand to the date of notice and demand after the determination by the Tax Court has become final. The collector has already assessed (and possibly has collected) interest at 6% on the jeopardy assessment from the date the tax was due until the date of the notice and demand under the jeopardy assessment.

The instant case has no concern with provisions for the collection of amounts in excess of the jeopardy assessment, or with refunds to the taxpayer, or with penalties, since no amount was collected, nor was any bond given, nor was any penalty fixed by the Tax Court. But in any event, this court does not read into the pertinent sections any provision for the collection of interest on interest for the period prior to the final determination of the deficiency (and penalties, if any) by the Tax Court.

The defendant has cited in support of its position the case of Signal Gasoline Corporation v. United States, D.C.S.D. Cal.1942, 46 F.Supp. 276, dealing with interest on taxes for the years 1927–1928, and based on Internal Revenue Acts which antedate the 1939 Code. Although the language of the pertinent sections in the Signal Gasoline Corporation case is the same as the language under consideration here in the 1939 Code, this court cannot agree that holding should be applied. Section 297 specifically provides that the interest is to be determined on the amount collected under Section 273(i), which amount does not include interest. Section 297 makes no reference to Section 273(a), on the provisions of which the Signal Gasoline case bases its ruling allowing interest on interest under Section 297.[7]

Since there is no clear express statutory provision in the pertinent sections of the 1939 Code for the assessment of interest on interest for any period prior to the final determination of the amount of the deficiency by the Tax Court, this court is of the opinion that, under the facts in the instant case, plaintiff's motion for summary judgment should be granted.

---

7. Defendant cites also Symonides v. Crenshaw (E.D.Va.), decided October 27, 1953 (1953 C.C.H., par. 9639).