**Thomas W. BANKS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 15663.

United States Court of Appeals
Eighth Circuit.

June 17, 1957.

Frank T. Knox, Fargo, N. D. (Emanuel M. Stern, Fargo, N. D., on the brief), for appellant.

George T. MacKinnon, U. S. Atty., St. Paul, Minn. (Clifford Janes and Allen I. Saeks, Asst. U. S. Attys., St. Paul, Minn., and Charles K. Rice, Joseph M. Howard and Richard B. Buhrman, Attorneys, Department of Justice, Washington, D. C., on the brief), for appellee.

Before JOHNSEN, VOGEL and VAN OOSTERHOUT, Circuit Judges.

PER CURIAM.

This is an appeal from an order overruling Banks' motion made pursuant to 28 U.S.C.A. § 2255 to correct sentence imposed upon him based upon his conviction for income tax evasion in violation of § 145(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 145(b). Banks was convicted on three counts. He was sentenced to serve three years' imprisonment and to pay a fine of $10,-000. His contention on this appeal is that the sentence imposed was excessive and that he should have been sentenced under § 3616(a), 26 U.S.C.A. § 3616(a), rather than § 145(b). The Supreme Court has made final resolution of the question in Achilli v. United States, 77 S.Ct. 995, holding that § 3616(a) is not applicable to income tax evasion.

On the basis of Achilli v. United States and prior decisions of this court, Dillon v. United States, 8 Cir., 1955, 218 F.2d 97; Berra v. United States, 8 Cir., 1955, 221 F.2d 590, and Smith v. United States,

**412**

8 Cir., 1956, 236 F.2d 260, 270, the trial court's order overruling Banks' motion to correct sentence is affirmed.

The clerk is hereby directed to issue mandate in the case on June 25, 1957, and our previous order admitting appellant to bail pending disposition of this appeal will be and hereby is terminated on that date, with direction hereby to appellant to surrender himself on or before that date to the warden of the prison from which he was released under our bail order, at such prison, to continue the serving of his sentence. A certified copy of the mandate in the case shall be sent by the clerk to the United States Attorney for the District of Minnesota for any necessary transmittal to the warden of the prison and as an incident in having the United States Attorney make report to the clerk as to whether appellant has duly surrendered himself in accordance with this order.