**Everett M. GRIMSLEY and Essie Grimsley, Plaintiffs,**

v.

**George PATTERSON, District Director of Internal Revenue, Defendant.**

**Civ. A. No. 8617.**

United States District Court
N. D. Alabama, S. D.

Oct. 31, 1957.

Robert C. Garrison and Burgin Hawkins, Birmingham, Ala., for plaintiffs.

W. L. Longshore, U. S. Atty. and M. L. Tanner, Asst. U. S. Atty., Birmingham, Ala., and James P. Garland and Anthony R. De Santo, Attys. Dept. of Justice, Washington, D. C., for defendant.

LYNNE, Chief Judge.

This action, having been called for trial on the regular trial docket, was submitted to the court for judgment on the pleadings and the stipulation of the parties constituting the entire proof in this action.

The court finds the facts to be as stipulated by the parties. The factual situation presented was summarized in the pretrial order as follows:

> "On July 8, 1952, a jeopardy assessment was made against plaintiffs for deficiencies, penalties and interest covering the years 1943 to 1950, inclusive. No bond was filed as provided by Section 273 of the Revenue Act of 1939, 26 U.S.C.A. § 273. Plaintiffs timely filed petitions with the Tax Court for a redetermination of such deficiencies. Thereafter, plaintiffs paid certain amounts to be applied to the deficiencies and interest as finally redetermined. On February 24, 1955, the Tax Court entered its order re-

determining deficiencies for the years involved. The defendant calculated interest at 6% on the deficiencies as redetermined from the due dates thereof to July 8, 1952; thereupon, he calculated interest on the deficiencies and interest as of July 8, 1952, from July 11, 1952, to the date of payment made by plaintiffs on November 1, 1954."

The only issue before the court is whether interest on interest was properly collected under Section 294(b) of the Revenue Act of 1939, 26 U.S.C.A. § 294(b).

In support of its contention plaintiff relies on Crolich v. United States, D.C., 144 F.Supp. 109. Defendant, insisting that Crolich was improperly decided, relies on Signal Gasoline Corp. v. United States, D.C., 46 F.Supp. 276, and Symonides v. Crenshaw, decided October 27, 1953 (1953 P-H, par. 72,785).

A careful reading of Sections 273, 294 and 297 has convinced this court that the interest was properly calculated by defendant. The court, in Crolich, failed to consider the import of Section 294(b) and (c). Section 294(c) provides that Section 294(b) does not apply where a bond is filed as provided by Section 273 (f). This provision leads inescapably to the conclusion that Section 294(b) does apply where a bond is not filed.

The opinion in Crolich seems to this court to be in error also in its statement that the amount collected under Section 273(i) does not include interest. Section 273(i) is referable to amounts "the collection of which is stayed by the bond" [Section 273(f)].

A bond for the total amount of the assessment, including interest, is obviously within the contemplation of Section 273(f).

In short, it appears that Section 273 (a) provides for the jeopardy assessment including all interest and additions. Section 294(b) provides for interest on the entire amount of the assessment unless a bond is filed, as provided in Section 273(f).

The conclusion reached here is bolstered by reference to the congressional history of the Internal Revenue Code of 1954. Both House and Senate Committee Reports contain identical statements to the effect that interest on interest was properly calculable under the old Code. 3 U.S.Code Congressional & Administrative News 1954, pp: 4565 and 5238.

### Judgment

In conformity with the foregoing memorandum, it is Ordered, Adjudged and Decreed by the court that this action be and the same hereby is dismissed on its merits. All costs of this action are hereby taxed against plaintiffs.