**H. B. BRINCK, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 595.**

United States District Court
D. Montana,
Butte Division.

April 2, 1959.

Findings of Fact April 24, 1959.

Charles L. Zimmerman, Butte, Mont., Elden McFarland, Washington, D. C., for plaintiff.

Krest Cyr, U. S. Atty., Michael J. O'Connell, Asst. U. S. Atty., Butte, Mont., for defendant.

MURRAY, Chief Judge.

The facts of the case have been stipulated to and the Court finds the facts as so stipulated by the parties and from said facts concludes that the taxpayer is not entitled to recover in this case.

Counsel for the government will prepare findings of fact, conclusions of law and a form of judgment, all of which shall be submitted to counsel for the plaintiff for approval as to form.

The question before the Court is whether the taxpayer is liable for interest upon interest and interest upon fraud penalties herein. Both parties contend that Section 297, of the Code, 26 U.S.C.A. § 297, does not apply to the case at bar. Plaintiff argues further that as Section 297 is exclusive in a jeopardy assessment case, that therefore no interest on penalty or interest on interest may be charged in this case.

The government argues that Section 297 is not exclusive, but that it applies only to the specific cases referred to and that, therefore, in a jeopardy assessment case such as this, where no bond has been filed, there may be collected interest in accordance with Section 294(b), 26 U.S.C.A. § 294(b).

This Court does not attempt to reconcile all possible situations that may develop under the Code. The Court confines itself to the facts of this case and considering all the pertinent provisions

of the Code, concludes that in this case it is quite proper to collect interest under Section 294(b).

It seems to the Court clear that Section 294 is general in scope; that it applies to (1) "Deficiency", and (2) "Interest or additional amounts, * * *". As to "deficiency", no distinction is made with reference to the mode of assessment, and that therefore jeopardy assessments are not outside the scope of the section. Rather it seems to the Court, by definition (Section 271), 26 U.S.C.A. § 271, a deficiency does not in any way depend upon the method of assessment.

Section 294(b), therefore, applies to all deficiencies, whether jeopardy assessed or not, except as the section itself limits its application which it does by subsection (c). That subsection provides that Section 294(b) shall not apply to the amount covered by a jeopardy bond. This is not a case in which the amount is covered by a bond, and therefore Section 294(b) applies with reference to such deficiency, except as it may be further limited by some other section.

Plaintiff's argument that Section 297 limits the application of Section 294(b) because Section 297 is exclusive in reference to the collection of interest in all jeopardy cases is not persuasive in light of the language of the section itself. Section 297 refers to (1) "the amount collected under section 273(i)", and (2) to "the amount collected in excess of the amount of jeopardy assessment". It seems to the Court that the section provides for interest in the situations referred to in the section, but it is not to be construed as therefor excluding the application of Section 294(b).

Insofar as Section 297 applies to jeopardy assessments, it only applies to jeopardy assessments covered by a bond because it only applies in jeopardy cases where collection is under 273(i), 26 U.S. C.A. § 273(i), and Section 273(i) provides for the collection of jeopardy assessments only where a bond has been given. The other collections provided for in Section 273(i) do not result from a jeopardy assessment at all.

Considering all the pertinent Code provisions and the applicable rules of construction, it seems to the Court that Section 294(b) provides for delinquency interest upon both the deficiency and any interest or penalties assessed thereon. Section 297 provides for the assessment of interest on the amount stayed by a bond, filed under Section 273(f), and Section 294(c) in effect spells out the application of Section 294(b) where no bond has been filed.

### Findings of Fact and Conclusions of Law.

This cause having come on before this Court, and having been submitted by the parties for decision on the basis of the pleadings herein and a stipulation of facts executed by the parties and the briefs of counsel, the Court makes the following findings of fact and conclusions of law:

### Findings of Fact.

1. The plaintiff, H. B. Brinck, is a resident of Butte, Montana.

2. Plaintiff filed timely income tax returns for the years 1940 to 1950, inclusive.

3. On or about September 12, 1952, the Commissioner of Internal Revenue made jeopardy assessments under Section 273 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 273, against plaintiff of deficiencies in income taxes together with interest and penalties, for the years 1940 through 1950.

4. Notice and demand for payment of the amounts of the jeopardy assessments was given to plaintiff on or about September 15, 1952.

5. Plaintiff filed timely petitions with the Tax Court of the United States seeking a determination by the Tax Court of his liabilities for the years 1940 through 1950. No bond to stay collection of the jeopardy assessments was given by the

plaintiff pursuant to Section 273(f) of the Internal Revenue Code of 1939.

6. In May, 1956, counsel for the taxpayer and counsel for the Commissioner of Internal Revenue stipulated the amounts of deficiencies and penalties under Section 293 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 293. Pursuant to this stipulation, the Tax Court, on May 25, 1956, entered its judgment with respect to the deficiency and penalty.

7. The District Director of Internal Revenue at Helena, Montana, thereafter, revised the former jeopardy assessments with respect to the deficiency, interest and penalties as to the years 1947 and 1949. The balance of the jeopardy assessments for these years was abated.

8. On April 18, 1957, plaintiff paid to the District Director of Internal Reveue the balance due with respect to the deficiency, penalty and assessed interest for the year 1947. At the same time, plaintiff paid to the District Director an amount which represented interest on the penalty and also an amount which represented interest on the assessed interest computed from September 15, 1952, to the date of payment.

9. On April 22, 1957, plaintiff paid the District Director of Internal Revenue the balance due with respect to the deficiency, penalty and interest for the year 1949. At the same time plaintiff paid to the District Director an amount which represented interest on the penal-ty and a further amount which represented interest on the assessed interest computed from September 15, 1952, to the date of payment.

10. Plaintiff filed timely claims for refund of said interest on penalties and interest on assessed interest. These claims were denied. No part thereof has been refunded to or credited to the plaintiff.

## Conclusions of Law.

1. This Court has jurisdiction of the parties and subject matter in this action and all procedural requirements for bringing this action have been met.

2. Where no bond has been filed with respect to jeopardy assessments, delinquency interest is properly collectible under Section 294(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 294(b), with respect to the deficiency and any interest or penalties assessed thereon.

3. The plaintiff is not entitled to a refund of any part of the interest assessed and paid by the plaintiff to the Commissioner of Internal Revenue on April 18 and April 22, 1957.

## Judgment.

In conformity with the foregoing, it is ordered, adjudged, and decreed by the Court that this action be and the same hereby is dismissed on its merits. All costs of this action are hereby taxed against plaintiff.