David GINSBURG and Freida Ginsburg

v.

UNITED STATES of America.

Civ. A. No. 58–1065.

United States District Court
D. Massachusetts.

Nov. 9, 1959.

Gerson Askinas, Springfield, Mass., for plaintiff.

Anthony Julian, U. S. Atty., Andrew A. Caffrey, Asst. U. S. Atty., Boston, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

This is an action to recover an alleged overpayment of interest on income tax deficiencies for the years 1946 and 1950. There is no dispute as to the material facts and both parties have moved for summary judgment.

For each of the years in question, after taxpayers had filed their return with the Commissioner of Internal Revenue, the commissioner made a jeopardy assessment under § 273 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 273. The amount of the assessment included the tax deficiency as found by the commissioner, a fraud penalty, and interest to the date of the assessment. In each case taxpayers petitioned the Tax Court of the United States for a redetermination of the deficiency, but filed no bond under § 273(f) to stay collection. Pursuant to stipulations executed by the parties, the Tax Court held the taxpayers liable for deficiencies less than those assessed by the commissioner. The jeopardy assessments were revised to show deficiencies, interest and penalties conforming to the Tax Court decision and the balance of each of the jeopardy assessments was abated.

Taxpayers paid the amount of the revised assessments and also delinquency

**504**

interest as assessed by the commissioner on the full amount of the revised jeopardy assessments. Taxpayers contend that so much of this delinquency interest as represented interest on the interest included in the jeopardy assessment was improperly assessed and bring this action to recover this alleged overpayment.

Under the provisions of § 294(b) of the Internal Revenue Code of 1939, 26 U.S.C.A., § 294(b), the commissioner was authorized to collect interest on the interest included in any deficiency assessment. Taxpayers' only contention is that where the commissioner has made a jeopardy assessment, § 294(b) does not apply and the case is governed by § 297. However, § 297 by its terms applies only to collections under § 273(i) which deals with collection where a bond to stay collection has been filed under § 273(f). Moreover, § 294(c) specifically provides that § 294(b) shall not apply where a bond has been filed under § 273. This clearly implies that in the case of other jeopardy assessments, where no bond is filed, § 294(b) does apply.

Plaintiffs rely on Crolich v. United States, D.C., 144 F.Supp. 109. That case, however, appears to have disregarded the distinction made in the code between cases in which a bond was filed and those in which no bond was filed and assumed that § 294(b) did not apply to any jeopardy assessment. It has not been followed in the other cases which have considered the question. Brinck v. United States, D.C., 173 F.Supp. 286; Grimsley v. Patterson, 52 A.F.T.R. 1429; Symonides v. Crenshaw, 45 A.F.T.R. 1171. The view of these cases seems to be the better one, that where no bond has been filed to stay collection of a jeopardy assessment, the provisions of § 294(b) are applicable and hence the commissioner in this case properly assessed delinquency interest on the interest and penalties included in the jeopardy assessment.

On the merits of the issue here presented plaintiffs' motion for summary judgment should be denied and defendant's motion allowed. However, the par-

ties agree that as a result of errors in computation of the delinquency interest assessments, there has been an actual overpayment of $446.76. In accordance with the stipulation of parties, judgment will be entered for plaintiffs in the amount of $446.76.