David GINSBURG et al., Plaintiffs, Appellants,

v.

UNITED STATES of America, Defendant, Appellee.

No. 5609.

United States Court of Appeals First Circuit.

Heard March 1, 1960.

Decided April 18, 1960.

Rehearing Denied May 20, 1960.

---

Gerson Askinas, Springfield, Mass., for appellants.

George F. Lynch, Atty., Dept. of Justice, with whom Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Harry Baum, Attys., Dept. of Justice, Washington, D. C., and Elliott L. Richardson, U. S. Atty. and Andrew A. Caffrey, Asst. U. S. Atty., Boston, Mass., were on the brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

In this action appellant taxpayers, husband and wife, seek to recover interest paid in connection with jeopardy assessments under the Internal Revenue Code of 1939. The facts were stipulated. It appeared that in April, 1952 the Commissioner notified the appellants of deficiencies in their income taxes for the years 1946 and 1950. The notices also claimed fraud penalties and interest on the deficiencies. A few weeks prior to mailing the notices, the Commissioner had made a jeopardy assessment, which included the interest to date on the deficiencies claimed. 1939 Code, §§ 273 (a), 292(a), 26 U.S.C.A. §§ 273(a), 292(a). Appellants petitioned the Tax Court for a redetermination, but filed no bond under section 273(f) to stay collection. The Commissioner, nevertheless, did not enforce collection. Eventually the claim was compromised, and a decision entered by the Tax Court. The Commissioner then imposed interest on that portion of the jeopardy assessment which had been sustained, as a consequence of which part of appellants' payments constituted interest upon interest. For this portion they seek recovery. In the district court both parties moved for summary judgment. The court granted the government's motion, and dismissed the complaint.

In this court, although apparently not in the court below, appellants properly accept the government's view that section 294(b) of the Code, 26 U.S.C.A. § 294(b), provided for the collection of such interest upon interest in the case of jeopardy assessments where no bond

has been given. Brinck v. United States, D.C.D.Mont.1959, 173 F.Supp. 286; Grimsley v. Patterson, D.C.N.D.Ala., 183 F.Supp. 729; Symonides v. Crenshaw, D.C.E.D.Va., 53–2 U.S.T.C. ¶9,639. Contra, Crolich v. United States, D.C.S.D. Ala.1956, 144 F.Supp. 109. What they now contend, however, is that had they posted a bond, such compounding would not have occurred, for which they cite section 294(c) as making section 294(b) inapplicable. Consequently, they claim that the collection of such interest constitutes discrimination based upon their failure to file a bond.

■ Examination discloses that while appellants correctly interpret section 294 (c), they overlook section 297, 26 U.S.C. A. § 297. This latter section specifically provides for interest on interest in cases where a bond has been given. Signal Gasoline Corp. v. United States, D.C.S.D. Cal.1942, 46 F.Supp. 276, 280–281 (construing similar provisions of Revenue Act of 1928); see Grimsley v. Patterson, supra. Contra, Crolich v. United States, supra. In fact, the 1939 Code provides for "delinquency" interest on "deficiency" interest in every case where an assessment is not promptly paid. A party on whom there has been a jeopardy assessment, but who has posted no bond, is charged thereafter with interest upon interest from the date of notice and demand by the collector as the result of sections 292(a) and 294(b), combined. On the other hand, a taxpayer against whom there has been a jeopardy assessment, but who has posted a bond, will eventually pay the same interest on interest as a result of sections 273(i) and 297. No discrimination results from the failure to file a bond.

However, appellants raise another point not raised below. A taxpayer who receives an ordinary notice of deficiency may petition the Tax Court for a redetermination, and no assessment can be made until the termination of those proceedings. If on assessment he pays forthwith, he is charged only with simple interest on the deficiency from the due date to the date of assessment.[1] Section 292(a). But if during the course of these proceedings, a jeopardy assessment is made, from then on, as we have pointed ed out, whether he posts a bond or not, he will be charged with additional interest because of the compounding. In a brief regrettably as empty of citations as it is full of assertions, appellants contend that "the discretionary part" of a jeopardy assessment makes them "second class citizens," and that the interest provision is a penalty.[2]

■ A jeopardy assessment is made when the Commissioner "believes that the assessment or collection of a deficiency will be jeopardized by delay * * *." 1939 Code, § 273(a). Appellants do not, and could not, complain of the propriety of jeopardy assessments. The interest of the government in its right to collect taxes must be paramount, even though protection may bear more heavily on those who are financially less secure. Cf. Rode v. Siebe, 1898, 119 Cal. 518, 51 P. 869, 39 L.R.A. 342. Historically, all taxes were collected first, and litigated afterwards. Although it is now customary to give taxpayers the opportunity to "try now and pay later," this procedure is nonetheless to a certain degree a matter of grace. See Phillips v. Commissioner, 1931, 283 U.S. 589, 596 note 6, 599, 51 S.Ct. 608, 75 L.Ed. 1289. It is appropriate for Congress to delegate to the Commissioner the duty of determining when this privilege cannot safely be granted, and so to demand payment at

---

1. On the other hand, if thereafter the taxpayer fails to pay the deficiency and the "deficiency" interest, he is charged with "delinquency" interest on both from the date of notice and demand (following the assessment) to the date when he does pay. Section 294(b).

2. Even when appellants say that their position is endorsed by "many tax writers," they fail to cite any. We assume there are such. See, e. g., 1 Casey, Federal Tax Procedure § 2.15 (1955). We fail, however, to discover any judicial support.

once.[3] It having been properly determined that payment is to be made, the imposition of "delinquency" interest thereafter on the total amount assessed is a normal consequence of non-payment, and one that is uniformly applied throughout the statute. There being no valid objection to the dog, there can be none to the fact that like all others, he has a tail.[4]

Judgment will enter affirming the judgment of the District Court.

### On Petition for Rehearing.

ALDRICH, Circuit Judge.

Appellants have filed a petition for rehearing, claiming that we erred in our underlying premise that a taxpayer who files a bond after a jeopardy assessment pays "interest on interest as a result of sections 273(i) and 297." Section 273(i) provides that "when the amount which should have been assessed has been determined by a decision of the Tax Court which has become final, then any unpaid portion, the collection of which has been stayed by the bond, shall be collected * * * ." Appellants contend that "the amount which should have been assessed" means only the basic deficiency. This overlooks the fact that when the Commissioner has determined that a jeopardy assessment is to be made, section 273(a) provides for the assessment of the deficiency "together with all interest"; and that sction 273(f) provides for staying the collection of the "amount of the assessment" by the filing of a bond which is "conditioned upon the payment of so much of the amount, the collection of which is stayed by the bond, as is not abated by a decision of the Tax Court which has become final, together with interest thereon as provided in section 297." See also section 273(g), which supplements sections 273 (f) and (i) and section 297, by providing for the case in which the taxpayer files a bond to stay collection but then decides not to petition for a redetermination. We do not think that with respect to these sections generally the appellants could contend that the "assessment" stayed by the bond does not include deficiency interest, or that under section 273(g) interest is not charged on interest.

Appellants do suggest, however, that "the amount which should have been assessed" (section 273(i)) is limited to the deficiency because, they claim, the Tax Court has no jurisdiction over interest. This may well be true with regard to deficiencies determined and assessed in the normal manner under section 272. See Commissioner of Internal Revenue v. Kilpatrick's Estate, 6 Cir., 1944, 140 F.2d 887. But section 273(c), dealing with jeopardy assessments, specifically provides that "the Tax Court shall have jurisdiction to redetermine the entire amount of the deficiency *and of all amounts assessed at the same time in connection therewith.*" (Italics supplied). This is to be compared with the more limited language of section 272(e), applicable to normal deficiency proceedings. Also compare section 273(i), "Collection of unpaid amounts," with section 272(b), "Collection of deficiency found by Tax Court," which further points up the distinction between jeopardy-assessment procedure and normal deficiency procedure.

The petition for rehearing is denied.

---

3. It has been suggested that this administrative determination is not sufficiently reviewable under present decisions, see, e. g., Kaminsky, Administrative Law and Judicial Review of Jeopardy Assessments Under the Internal Revenue Code, 14 Tax L.Rev. 545 (1959). However, appellants have contested not the use of the jeopardy assessment in their case, but only its effect.

4. The practice of allowing interest upon interest was discontinued in the Internal Revenue Code of 1954 by section 6601(f) (2), 26 U.S.C. § 6601(f) (2), a fact relied upon by appellants. But it should be noted that this section operates generally, thus indicating that the practice as a whole might be deemed unnecessary, and not that any particular application under prior statutes was discriminatory.