**UNITED STATES of America,**
**Appellee,**

v.

**Thomas W. BANKS and Reta Banks**
**a/k/a Reta L. Banks or Rita**
**L. Banks, Appellants.**

**No. 20390.**

United States Court of Appeals,
Eighth Circuit.

April 28, 1971.

Jerome B. Simon, St. Paul, Minn., Joseph A. Maun, James W. Fahlgren, Maun, Hazel, Green, Hayes, Simon & Aretz, St. Paul, Minn., for appellants Thomas W. Banks and Reta Banks.

Jane M. Edmisten, Atty., Tax Division, Dept. of Justice, Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Leonard J. Henzke, Jr., Attys., Tax Division, Dept. of Justice, Washington, D. C., for appellee; Robert G. Renner, U. S. Atty., of counsel.

Before MEHAFFY and HEANEY, Circuit Judges, and MEREDITH, Chief District Judge.

MEREDITH, Chief District Judge.

This is an appeal from a judgment entered against Thomas W. Banks and Reta Banks, his wife, on the basis of jeopardy assessments and a bond given by them to insure collection of taxes. Judgment was entered by the United States District Court for the District of Minnesota, on a motion for summary judgment, filed by the Government and on motions to dismiss filed by taxpayers.[1]

1. The court below did not grant the Government summary judgment with relation

to the foreclosure of certain mortgages given by taxpayer on the grounds that

The questions presented are: (1) whether the suspension provision of section 277 of the Internal Revenue Code of 1939 applies to the limitation provision of subsection (c) of section 276, so as to make timely this action commenced in 1968 to collect jeopardy assessments made in 1952, and (2) whether section 297 of the Internal Revenue Code of 1939, providing for interest in jeopardy assessment cases, permits the recovery of interest on the interest which accrues while the case is before the Tax Court.

The district court answered both questions in the affirmative by granting summary judgment for the Government. We affirm the judgment of the district court.

The Government asserted income tax liabilities against Thomas W. Banks for the years 1947 and prior years by the filing of a jeopardy assessment on March 5, 1952, of $390,106.67. On March 15, 1952, a bond to secure payment of the tax in the amount of $430,000 was given by taxpayer Thomas W. Banks, as principal, and his wife, Reta Banks, as surety. On April 14, 1952, a second jeopardy assessment in the amount of $9,610.86 was made and comprised only penalties for 1947 and prior years. On July 18, 1952, Thomas W. Banks filed a petition for redetermination of the deficiencies with the Tax Court, which rendered its decision on August 22, 1961. This was appealed to the Eighth Circuit Court of Appeals [Banks v. Commissioner of Internal Revenue, 322 F.2d 530 (1963)] and was remanded to the Tax Court, which entered final judgment on October 28, 1964.[2] The Government filed a third

jeopardy assessment on September 22, 1961, in the amount of $4,036.60.

The present action was filed on July 9, 1968, in the district court and judgment was entered there May 12, 1970. A timely appeal was filed to this court.

The Internal Revenue Code of 1939 provides:

"Sec. 273. Jeopardy Assessments.

\* \* \* \* \* \*

(i) Collection of Unpaid Amounts.—When the petition has been filed with the Tax Court and when the amount which should have been assessed has been determined by a decision of the Tax Court which has become final, then any unpaid portion, the collection of which has been stayed by the bond, shall be collected as part of the tax upon notice and demand from the collector, and any remaining portion of the assessment shall be abated. If the amount already collected exceeds the amount determined as the amount which should have been assessed, such excess shall be credited or refunded to the taxpayer as provided in section 322, without the filing of claim therefor. If the amount determined as the amount which should have been assessed is greater than the amount actually assessed, then the difference shall be assessed and shall be collected as part of the tax upon notice and demand from the collector.

\* \* \* \* \* \*

"Sec. 276. Same—Exceptions.

\* \* \* \* \* \*

(c) Collection after Assessment.— Where the assessment of any income tax imposed by this chapter has been

there existed genuine issues as to material facts. This is still pending in the district court.

2. This case is only part of the Government's dispute with taxpayer. On May 30, 1952, he was convicted on three counts of criminal tax evasion and received a sentence of three years and a fine of $10,000. This was affirmed by this Court [204 F.2d 666 (1953)]. The Supreme Court denied certiorari [346 U.S. 857, 74 S.Ct. 73, 98 L.Ed. 370 (1953)] and later vacated the denial [347 U.S. 1007, 74 S.Ct. 861, 98 L.Ed. 1132 (1954)]. The case was then remanded [348 U.S. 905, 75 S.Ct. 311, 99 L.Ed. 710 (1955)] and reaffirmed by this Court [223 F.2d 884 (1955)] and certiorari denied [350 U.S. 986, 76 S.Ct. 472, 100 L.Ed. 853 (1956)]. Post conviction remedies were denied by the district court and affirmed by this Court [245 F.2d 411 (1957)].

made within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer before the expiration of such six-year period. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

\* \* \* \* \* \*

"Sec. 277. Suspension of Running of Statute.

The running of the statute of limitations provided in section 275 or 276 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under section 272(a)) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for sixty days thereafter.

\* \* \* \* \* \*

"Sec. 297. Interest in Case of Jeopardy Assessments.

In the case of the amount collected under section 273(i) there shall be collected at the same time as such amount, and as a part of the tax, interest at the rate of 6 per centum per annum upon such amount from the date of the jeopardy notice and demand to the date of notice and demand under section 273(i), or, in the case of the amount collected in excess of the amount of the jeopardy assessment, interest as provided in section 292. If the amount included in the notice and demand from the collector under section 273 (i) is not paid in full within ten days after such notice and demand, then there shall be collected, as part of the tax, interest upon the unpaid amount at the rate of 6 per centum per annum from the date of such notice and demand until it is paid."

This suit was brought within the time allowed if the limitations suspension provision of section 277 applies to the six-year statute of limitations provided in section 276(c). The plain language of the statute indicated that it does and the Third Circuit has so held. United States v. Shahadi, 340 F.2d 56 (1965). Other cases lending support for construing 277 to suspend the running of the statute of limitations while the courts are construing the tax liability are: United States v. Shepard's Estate, 319 F.2d 699 (2nd Cir. 1963); Sanborn v. Helvering, 108 F.2d 311 (8th Cir. 1940).

The question of payment of interest on interest in jeopardy assessments is not new and has been decided against the taxpayer. Fong v. United States, 368 F.2d 325 (9th Cir. 1966); Ginsburg v. United States, 278 F.2d 470 (1st Cir. 1960). Taxpayer cites one case, Crolich v. United States, 144 F.Supp. 109 (S.D.Ala.1956), which lends some support to his argument, but this case has not been followed. See Grimsley v. Patterson, 183 F.Supp. 729 (N.D.Ala. 1957), which holds *Crolich*, supra, was incorrect.

We find no reason under the facts and no support under the cases to hold in favor of the taxpayers.

Affirmed.