**UNITED STATES of America**

**v.**

**Louise F. LIVINGSTONE et al.**

**Civ. A. No. 71–2993–C.**

United States District Court,
D. Massachusetts.

Sept. 18, 1974.

Michael B. Dickman, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., James N. Gabriel, U. S. Atty., Wayne B. Hollingsworth, Asst. U. S. Atty., for plaintiff.

Samuel Livingstone, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action for recovery of unpaid income taxes, penalties, and interest alleged to be due and owing to the United States from defendants Louise F. and M. Eli Livingstone. The complaint also seeks an order setting aside an allegedly fraudulent transfer of a parcel of real property by defendant Louise F. Livingstone to defendant Maurice Fine, as Trustee of the Continental Investment Trust, and to set aside a subsequent transfer of the real property to Maurice Fine as Trustee of the Webb Trust, as well as foreclosure of a federal tax lien on said real property. In addition, the complaint seeks an order setting aside an allegedly fraudulent transfer of stock to Continental Investment Trust, which stock was allegedly owned by defendants Louise F. and M. Eli Livingstone. Foreclosure of a federal tax lien on this stock is also requested.

The case was continued on several occasions on the basis of representations by counsel that a settlement was imminent. However, a point in time arrived at which no settlement having been forthcoming the Court ordered the case to trial.

A non-jury trial was held which consisted merely of the introduction into evidence by the plaintiff United States of eight documents. Counsel for defendants made no objection to the admission in evidence of these eight documents, which consisted of seven duly certified Internal Revenue Service "Certificates of Assessments and Payments," of taxpayers Louise F. and M. Eli Livingstone for the years 1952, 1953, 1954, 1957, 1959, 1960 and 1961, and an eighth document, the certification of the foregoing seven

Certificates of Assessments and Payments. The Government rested after the admission into evidence of the eight documents and the defendants rested without proffering any testimony or evidence. Counsel were then instructed by the Court to file requests for findings of fact and conclusions of law.

Very detailed requests for findings of fact and conclusions of law were filed by counsel for the Government on June 26, 1974. No requests were filed by counsel for any defendant. However, the Court received a letter dated July 3, 1974 from counsel of record for the defendants advising that he had received the Government's requests for findings and conclusions, and on July 15, 1974 counsel for defendants wrote to the Court and advised that he had no objection to any of the proposed findings of fact and conclusions of law save that portion thereof which he said charged Louise F. Livingstone "with interest on interest, contrary to the present status of the tax laws, 26 U.S.C. § 6601(f)(2), and contrary to the pleadings and evidence in the case which fail to mention anything about interest being charged on interest."

Treating, first, defendants' objection to interest on interest, I rule that 26 U.S.C. § 6601(f)(2), which is the portion of the Internal Revenue Code of 1954 relied on by counsel for defendants, does not apply to the tax years in issue in this case. The assessments for the years 1952 and 1953 were made pursuant to the Internal Revenue Code of 1939, and Section 294(b) of the 1939 Code does provide for assessments of interest on unpaid interest. I rule that the 1939 Code controls in the instant case, despite the fact that the assessments in issue were made subsequent to the enactment of the 1954 Code. See Ginsburg v. United States, 278 F.2d 470 (1 Cir. 1960), cert. denied 364 U.S. 878, 81 S.Ct. 166, 5 L.Ed.2d 101; United States v. Glassner, 287 F.2d 433 (7 Cir. 1961); Ingannamorte v. United States, 189 F.Supp. 341 (D.N.J.1960). Therefore, as a matter of law the Government is entitled to recover interest on the interest assessed

against and unpaid by Louise F. Livingstone for the calendar years 1952 and 1953.

■ I likewise rule that there is no merit to the objection contained in the letter of defendants' counsel to recovery of interest on interest on the grounds that such recovery would be "contrary to the pleadings and evidence in the case which fail to mention anything about interest being charged on interest." I rule that the statement contained in Count One of the complaint, that the Government seeks recovery for unpaid "income tax and interest . . . plus accrued interest according to law," is an adequate disclosure of the fact that the Government was seeking the interest allowed by the then state of the law, i. e., interest on unpaid interest.

■■ The Court is fully aware that the Court of Appeals for this Circuit in an ordinary case looks with disfavor on the verbatim adoption by a trial court of requests for findings and conclusions filed by prevailing counsel. In re Las Colinas, Inc., 426 F.2d 1005, 1008–1009 (1 Cir. 1970); Nyyssonen v. Bendix Corp., 342 F.2d 531, 532 (1 Cir. 1965), cert. denied 382 U.S. 847, 86 S.Ct. 63, 15 L.Ed.2d 86. However, this Court has in mind that the Court of Appeals recognized, in the *Las Colinas* opinion, that

extraordinary circumstances in a complex case may justify adopting counsel's proposed findings. Id. 426 F.2d at 1009–1010. I believe that the instant case may properly be characterized as a complex case. See dissenting opinion of Mr. Justice Douglas in Commissioner of Internal Revenue v. Idaho Power Co., 418 U.S. 1, 19, 94 S.Ct. 2757, 41 L.Ed.2d 535 (1974). I am further of the opinion that since the "trial" consisted merely of the Government's unobjected to proffer of the operative tax documents, that kind of a trial takes this case out of the ordinary rule. There is no issue of credibility to be resolved, there is no conflicting evidence, and a careful review of the Government's proposed findings establishes that they are, in fact, supported by and keyed to the documents introduced in evidence. Consequently, the following findings of fact and conclusions of law, which are substantially the same as those requested by counsel for the Government, are adopted as this Court's findings and conclusions herein

### Findings of Fact

1. A delegate of the Secretary of the Treasury made assessments against the defendants Louise F. and M. Eli Livingstone for unpaid income taxes and interest as follows:

| Year | Date | Tax | Interest | Credits | Unpaid Assessed Balance |
|---|---|---|---|---|---|
| 1952 | 8/13/65 | $97,989.28 | $72,866.53 | | |
| | 5/9/66 | | | $ 329.22 | |
| | 5/12/66 | | | 158.92 | |
| | 5/17/66 | | | 9.55 | |
| | 3/22/73 | | | 151,926.33 | $ 18,431.79 |
| 1953 | 9/3/65 | 36,305.18 | 74,048.43 | 0 | 110,353.61 |
| | | | | | $128,785.40 |

2. On the respective dates of assessment of the liabilities described in paragraph 1 above, a delegate of the Secretary of the Treasury gave to the defendants Louise F. and M. Eli Livingstone notice of those assessments and made demand upon them for payment thereof.

3. By reason of agreements for the suspension of the statutory periods of limitation on collection of the liabilities described in paragraph 1 above, stated in offers in compromise submitted by defendant Louise F. Livingstone to the Commissioner of Internal Revenue, the

statutory periods of limitation for instituting actions to collect such liabilities were extended to dates subsequent to December 15, 1971.

4. On and before October 27, 1964, Louise F. Livingstone was the owner of the land with the building thereon known as 50 Chestnut Hill Road, in that part of Newton known as Chestnut Hill, Middlesex County, Massachusetts, bounded and described as stated in paragraph XI of the complaint herein.

5. On October 27, 1964, defendant Louise F. Livingstone conveyed the property referred to in Finding 4 to defendant Maurice Fine, as Trustee, the Continental Investment Trust.

6. The conveyance referred to in Finding 5 was made for less than a fair conveyance and such transfer rendered defendant Louise F. Livingstone insolvent or was made while said Louise F. Livingstone was insolvent.

7. Defendant Louise F. Livingstone made the conveyance described in Finding 5 above with the intent to hinder, delay or defraud either present or future creditors.

8. On June 9, 1966, defendant Maurice Fine, as Trustee, the Continental Investment Trust, conveyed the property referred to in Finding 4 to defendant Maurice Fine, as Trustee, The Webb Trust.

9. The defendant Maurice Fine, as Trustee, The Webb Trust, was not, with respect to the conveyance described in Finding 8, a purchaser for fair consideration without knowledge of the fraud described in Findings 6 and 7 as those terms are used in Chapter 109A, Section 9, Annotated Laws of Massachusetts (Michie, 1967).

10. A delegate of the Secretary of the Treasury made assessments against the defendant M. Eli Livingstone for unpaid federal income taxes, penalties and interest as follows:

| Year | Date | Tax | Penalty | Interest | Credits | Unpaid Assessed Balance |
|---|---|---|---|---|---|---|
| 1957 | 9/3/65 | $2,268,249.52 | $476,070.75 | $1,032,901.55 | $ 1,500.00 | $3,775,772.02 |
| 1960 | 11/6/64 | | 48,860.37 | 13,886.16 | | |
| | 3/22/73 | | | | 62,746.53 | 0 |
| | | | | | | $3,775,772.02 |

11. On the respective dates of assessment of the liabilities described in Finding 10, above, a delegate of the Secretary of the Treasury gave to the defendant, M. Eli Livingstone, notice of those assessments and made demand upon him for payment thereof.

12. In the action entitled Maurice Fine, Trustee v. Trimount Clothing Co., Inc., et al., C.A. No. 67-914-C (USDC D Mass.), the Court, on April 23, 1969, awarded to the United States a judgment against the defendant, M. Eli Livingstone, in the amount of $316,646.45 plus interest from the date of judgment for the liabilities described in Finding 1,

above, and other liabilities and in the amount of $4,470,008.83 plus interest from the date of judgment for the liabilities described in Finding 10, above, and other liabilities.

13. On and before July 14, 1964, the defendant, M. Eli Livingstone, owned 550 shares of the common stock of Webb's Inc. The fair market value of those 550 shares on July 14, 1964, was $55,000.00.

14. On and before July 14, 1964, the defendant, Louise F. Livingstone, owned 13 shares of the common stock and 900 shares of the preferred stock of Webb's, Inc. The fair market value of those 13 shares of common stock on July 14, 1964,

was $1,300.00 and the fair market value of those 900 shares of preferred stock on July 14, 1964, was $9,000.00.

15. On July 14, 1964, the defendants, M. Eli Livingstone and Louise F. Livingstone, conveyed to the Continental Investment Trust all of the Webb's Inc. stock they owned.

16. The conveyances described in Finding 15, above, were made for less than fair consideration and such conveyance rendered the defendants, M. Eli Livingstone and Louise F. Livingstone, insolvent or were made while the defendants, M. Eli Livingstone and Louise F. Livingstone, were insolvent.

17. The defendants made the conveyances described in Finding 15, above, with the intent to hinder, delay or defraud either present or future creditors.

18. The Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, authorized and requested the filing of this action.

19. On December 15, 1971, the United States Attorney for the District of Massachusetts, under the direction of the Attorney General of the United States, filed the complaint in this action.

20. Defendants Louise F. and M. Eli Livingstone, Maurice Fine, as Trustee, The Continental Investment Trust, and Maurice Fine, as Trustee, The Webb Trust, appeared in this action by their attorney, Samuel Livingstone, Esq.

21. The complaint herein states that defendant Joseph M. Greenberg may have a claim against the property referred to in Finding 5, but the Clerk of this court on July 15, 1974, entered a default herein against the defendant Joseph M. Greenberg for his failure to plead or otherwise defend as to the complaint herein.

22. The complaint states that the defendant City of Boston may have a claim against the property referred to in Finding 4. The City of Boston filed an answer in which it asserted a lien on that property but on February 25, 1974 the City of Newton, by its attorney, advised the Court that its liens had been satisfied. The City of Newton introduced no evidence at trial.

## CONCLUSIONS OF LAW

From the foregoing facts, the Court concludes:

1. This Court has jurisdiction over this action under Sections 1340 and 1345, Title 28, United States Code, and Section 7402 of the Internal Revenue Code of 1954.

2. The filing of this action on December 15, 1971 was within the period provided by statute with respect to the liabilities described in Finding of Fact 1. See Section 6502, Internal Revenue Code of 1954.

3. The filing of this action on December 15, 1971 was within the period provided by statute with respect to the liabilities described in Finding of Fact 10. See United States v. Hodes, 355 F.2d 746 (2 Cir. 1966), cert. denied 386 U.S. 901, 87 S.Ct. 784, 17 L.Ed.2d 779 (1967); Moyer v. O'Donnell, 27 A.F.T.R. 2d 71–1482 (USDC MD Fla.1971).

4. The defendant Louise F. Livingstone is liable to the United States for unpaid income tax and interest assessed against her for the years 1952 and 1953 in the sum of $128,785.40 and judgment should be entered against her for that sum.

5. Defendant Louise F. Livingstone is liable to the United States in the sum of $79,164.04 for accrued interest from August 14, 1965, to June 28, 1974, on the tax and interest assessed against her for the year 1952, plus interest thereafter at $3.02 per day, and judgment should be entered against her in that sum.

6. The defendant Louise F. Livingstone is liable to the United States in the sum of $58,316.27 for accrued interest from Sept. 4, 1965 to June 28, 1974, on the tax and interest assessed against her for the year 1953, plus interest thereafter at $18.14 per day and judgment should be entered against her in that sum.

7. The Internal Revenue Code of 1939 provides for interest on assessed interest in every case where an assessment is not promptly paid. Ginsburg v. United States, *supra*. Section 249(b), Internal Revenue Code of 1939. If liabilities assessed after the effective date of the In-

ternal Revenue Code of 1954 are liabilities imposed by the 1939 Code, then the taxpayer is liable for interest on assessed interest under the 1939 Code. Ingannamorte v. United States, *supra*. The liabilities assessed against the defendants M. Eli Livingstone and Louise F. Livingstone for 1952 and 1953, described in Finding of Fact 1, were assessed under the Internal Revenue Code of 1939 and so interest accrues on the interest assessed for those years.

8. The defendant, M. Eli Livingstone, is liable to the United States of America for unpaid tax, a penalty and interest assessed against him for the year 1957 in the sum of $3,775,772.02.

9. The defendant, M. Eli Livingstone, is liable to the United States of America in the sum of $1,451,252.19 for accrued interest from September 4, 1965, to June 28, 1974, on the tax and penalty assessed against him for the year 1957 plus interest thereafter at the rate of $450.87 per day.

10. The defendant, M. Eli Livingstone, is liable to the United States of America in the sum of $24,558.51 for accrued interest from November 7, 1964 to March 22, 1973, on the penalty assessed against him for the year 1960.

11. The conveyance described in Finding of Fact 5, above, is fraudulent as to the United States of America under Chapter 109A, Section 4, Annotated Laws of Massachusetts (Michie, 1967).

12. The conveyance in Finding of Fact 5, Section 7, Annotated Laws of Massachusetts (Michie, 1967).

13. The conveyances described in Finding of Fact 15, above, are fraudulent as to the United States of America under Chapter 109A, Section 7, Annotated Laws of Massachusetts.

15. The conveyances described in Findings of Fact 5, 8 and 15, above, should be set aside. Chapter 109A, Section 9, Annotated Laws of Massachusetts (Michie, 1967).

16. By reason of the failure of the defendants, M. Eli Livingstone and Louise F. Livingstone, to pay the assessed taxes and interest described in Finding of Fact 1, above, subsequent to receipt of notice and demand for payment thereof, federal tax liens securing payment of those assessed liabilities and accrued interest thereon should arise and affix to all the property and rights to property of the defendant, Louise F. Livingstone, Section 6321, Internal Revenue Code of 1954. Federal tax liens attach to after-acquired property. Glass City Bank v. United States, 326 U. S. 265, 66 S.Ct. 108, 90 L.Ed. 56 (1945).

17. After the conveyances described in Findings of Fact 5, 8 and 15 above, are set aside, federal tax liens securing payment of the defendant, Louise F. Livingstone's assessed liability to the United States for $128,785.40, plus accrued interest of $137,564.95 to June 28, 1974, and accrued interest of $21.16 per day thereafter should attach to the real property described in Finding of Fact 4, above, and the shares of stock described in Finding of Fact 14, above.

18. By reason of the defendant, M. Eli Livingstone's failure to pay the assessed taxes, penalties and interest described in Finding of Fact 10, above, subsequent to receipt of notice and demand for payment thereof, federal tax liens securing payment of those assessed liabilities and accrued interest thereon should arise and affix to all the property and rights to property of the defendant, M. Eli Livingstone.

19. After the conveyances described in Finding of Fact 15, above, are set aside, federal tax liens securing payment of the defendant M. Eli Livingstone's assessed liability to the United States of $3,775,772.02, plus accrued interest of $1,475,810.70 to June 28, 1974, and accrued interest of $450.87 per day thereafter should attach to the shares of stock described in Finding of Fact 13, above.

20. The liens of the United States and the defendant, Joseph M. Greenberg, on the real property described in Finding of Fact 4, above, the liens of the United States on the shares of stock described in Finding of Fact 14, above, and the interest of the defendant, Louise F. Livingstone, in both the real property described in Finding 4, above, and the

shares of stock described in Finding 14, should be foreclosed and the aforesaid real property and shares of stock should be sold with the proceeds paid to the United States to satisfy the liabilities of the defendant Louise F. Livingstone to the United States in the sum of $266,340.35, plus interest of $21.16 per day after June 28, 1974.

21. The liens of the United States on the shares of stock described in Finding of Fact 13, and the interest of the defendant M. Eli Livingstone in those shares, should be foreclosed and the aforesaid shares of stock should be sold with the proceeds paid to satisfy the liabilities of defendant M. Eli Livingstone to the United States in the sum of $4,251,532.72, plus $450.87 per day after June 28, 1974.

22. The various motions submitted for filing by defendant M. Eli Livingstone, *pro se*, subsequent to the Court's taking this case under advisement, are denied, both on their merits and because untimely filed without leave of Court.

Judgment accordingly.