HENRY H. EPSTEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 66350. Promulgated August 11, 1936.

*George Walter Smith, Esq.*, for the petitioner.
*E. A. Tonjes, Esq.*, for the respondent.

OPINION.

Murdock: The petitioner argues that all questions between the Commissioner and the taxpayer relating to taxes and penalties for 1925 have been settled in a criminal proceeding. The taxpayer there pleaded guilty to an indictment charging him with an attempt to evade income tax upon his income for 1925. He was sentenced to pay the tax of $5,679.65 and he has paid it. The court was not concerned with the penalties here involved.

The present proceeding before the Board is quite different from the criminal proceeding above described. *Charles E. Mitchell*, 32 B. T. A. 1093. The Board has been established to review the action of the Commissioner in determining deficiencies. It reviews and approves or disapproves this administrative act. If the Commissioner acted properly in determining the deficiency and claiming the penalty in a case before the Board, the Board must affirm the administrative action of the Commissioner. The Board then says that the Commissioner did not err in the performance of his duty in so far as he determined that the tax and penalty were due at the time he sent his notice of deficiency. The payment of the tax after the mailing of the notice in no way changes the function of the Board. It still reviews the action of the Commissioner as set forth in his notice of deficiency. Payment is a matter between the Commissioner and the taxpayer which does not change the fact that the determination of the Commissioner as expressed in his deficiency notice was either correct or incorrect and does not change the duty of the Board to decide whether or not that determination was correct. Here the only evidence before the Board indicates clearly that the Commissioner did not err in determining the deficiency and claiming the penalty. *Pincus Brecher*, 27 B. T. A. 1108. The criminal proceeding does not relieve the Board of its function and duty to review the determination of the Commissioner. *William R. Scharton*, 32 B. T. A. 459.

*Decision will be entered for the respondent.*