## COMMISSIONER OF INTERNAL REVENUE v. KILPATRICK'S ESTATE.

## KILPATRICK'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9477, 9478.

Circuit Court of Appeals, Sixth Circuit.

Feb. 18, 1944.

Morton K. Rothschild, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, and Helen R. Carloss, all of Washington, D. C., on the brief), for the Commissioner.

John M. Hudson, of Detroit, Mich. (Bulkley, Dickinson, Wright & Davis, of Detroit, Mich., on the brief), for Kilpatrick's Estate.

Before HICKS, ALLEN, and McALLISTER, Circuit Judges.

HICKS, Circuit Judge.

No. 9477. The Commissioner's petition to review presents substantially the same question considered in Commissioner v. Estate of Frederick L. Alldis, 6 Cir., 140 F.2d 885, and the decision of the Board is affirmed upon the authority of that case.

No. 9478. A second question is raised by the petition for review filed by Kilpatrick's executor. By letter dated March 11, 1941, the Commissioner notified petitioner of his final determination of a deficiency of $39,-364.13 in the income tax liability of Kilpatrick for the year ending December 31, 1937. On June 7, 1941, the executor filed with the Board of Tax Appeals its petition for a redetermination of the deficiency.

The parties stipulated, and the Board found, that on or about June 12, 1941, the executor "solely for the purpose of preventing the accumulation of interest upon the deficiency, if any, redetermined by the final decision of this Board * * * paid to the Collector * * * under protest, the aforesaid sum of $39,364.13, *together with interest thereon in the amount of $7660.37,* or the aggregate amount of $47,-024.50. * * *" (Italics ours.) In its decision the Board ignored the "interest" item, deciding, simply, that there was "an overpayment of income tax in the amount of $39,364.13 for the calendar year 1937, which amount was paid after the mailing of the deficiency notice. * * *"

The executor's motion, filed with the Board for a revision of its decision, to show an overpayment in income tax of $47,024.-50, being the total sum including the "interest" paid was denied by the Board without opinion; and the executor thereupon filed its petition for review here.

The petition for review raises the question of the jurisdiction of the Board over interest. The Board has consistently held that it has no jurisdiction, and we think its position is in accord with the Act. Sec. 272(a)(1) of Title 26, U.S.C.A. Int.Rev. Code, provides that if a petition for redetermination is filed with the Board by the taxpayer, following a notice of a determination of deficiency by the Commissioner, "*No assessment* of a deficiency in respect of the tax imposed * * * and no distraint or proceeding in court for its collection shall be made, begun or prosecuted * * * until the decision of the Board has become final." (Italics ours.) Sec. 272(b) provides, "If the taxpayer files a petition with the Board, the entire amount redetermined as the deficiency by the decision of the Board which has become final *shall be assessed* and shall be paid upon notice and demand from the collector." (Italics ours.) And Sec. 292 provides, "*Interest* upon the amount determined as a deficiency *shall be assessed at the same time as the deficiency,* shall be paid upon notice and demand from the collector, *and shall be collected as a part of the tax.*" (Italics ours.)

In the procedural sequences outlined by the Act for the determination and redetermination of tax deficiencies, the subject of interest does not occur, prior to a redetermination by the Board. In other words, where there is review by the Board of the Commissioner's determination, no assessment of tax or distraint may be had until its decision becomes final, whereupon the amount determined by the Board plus interest at the statutory rate must be assessed by the Commissioner. In this type of case interest is assessable under the statute only after the Board has acted. This view is consistent with the authorities. United States v. Globe Indemnity Co., 2 Cir., 94 F.2d 576, 578; Mertens, Law of Fed. Income Taxation, Vol. 9, § 50.10, footnote 67, and Vol. 10, § 55.02 (page 8); Capital Bldg. & Loan Ass'n v. Com'r, 23 B. T. A.

848. See, also, Superheater Co. v. Com'r, 2 Cir., 125 F.2d 514; Epstein v. Com'r, 34 B.T.A. 925.

The so-called "interest" item of $7,660.37 was not involved in the Commissioner's determination, being a gratuitous payment made subsequent to the petition to the Board, and was not subject to redetermination by the Board as an overpayment of tax. Whether the taxpayer might have a claim for refund of the item by way of suit in the District Court or the Court of Claims, we do not now decide.

The decision of the Board of Tax Appeals in No. 9478 is also affirmed.