PECK, STOW & WILCOX COMPANY

v.

UNITED STATES of America.

Civ. A. No. 4582.

United States District Court
D. Connecticut.

Oct. 31, 1958.

Bronson, Rice & Lyman, New Haven, Conn., for plaintiff.

Simon S. Cohen, U. S. Atty., Henry C. Stone, Asst. U. S. Atty., Hartford, Conn., W. Paul Flynn, Asst. U. S. Atty., New Haven, Conn., for defendant.

**J. JOSEPH SMITH, Chief Judge.**

In its excess profits tax return for fiscal 1944, plaintiff understated its tax liability by $49,960.15. As a result of losses for 1946, plaintiff applied for and obtained a quickie refund for 1944 based on (1) operating loss carryback under 122(b), 1939 I.R.C., 26 U.S.C.A. § 122 (b), and (2) unused excess profits credit carry back under 432(c), 1939 I.R.C., 26 U.S.C.A. Excess Profits Taxes, § 432(c), and obtained on October 31, 1946 a refund of $487,271.96. On subsequent audit it was determined that the "quickie refund" due to operating loss carry back was too low by $28,479.23, and the "quickie refund" due to unused excess profits credit carry back was too high by $13,893.49. The deficiency of $49,-960.15 in the original return for 1944 was determined by audit at this time.

The government computed interest as follows:

| On | $28,479.23 | from | 9/15/44 | to | 9/15/46 | $3417.51 |
|----|-----------|------|---------|----|---------|----------|
| " | 21,480.92 | " | " | " | 8/24/57 | 3790.93 |
| " | 13,893.49 | " | 10/31/46 | " | 8/24/57 | 680.02 |

|  | 7888.46 |
|----|---------|
| Less post war credit | 401.48 |
|  | $7486.98 |

The government's method of computation is set forth in its brief as follows:

"The computation of interest revolved about the three adjustments referred to, that is, the general adjustment deficiency, the additional overassessment, and the excessive allowance. The general adjustment deficiency of $49,960.15 was divided into two parts for the purpose of the computation of interest upon it. Of the total deficiency, interest was computed upon so much of it as equaled the additional overassessment ($28,479.23) from the due date of the 1944 excess profits tax return until the due date of the 1946 loss return. This return had established the loss to be carried back to 1944 upon which loss the overassessment was based, and this overassessment had been applied immediately to reduce the deficiency. Interest was computed upon the remainder of the 1944 deficiency from the due date of the 1944 return until a date 30 days after the taxpayer's signing of the waiver of restriction on assessment of 1944 taxes, which stopped the running of interest by statute. Sec.

292(a), Internal Revenue Code of 1939, 26 U.S.C.A. § 292(a).

"Interest was charged upon the computed excessive allowance of unused excess profits credit carryback ($13,893.49) from the date the taxpayer was presumed to have received its tentative or 'quickie' refund check until the day it signed the waiver of restrictions on assessment referred to in the preceding paragraph. No interest was computed upon the overassessment due taxpayer since, immediately upon its coming into existence, it was used as a credit against the deficiency due the Government."

Plaintiff contends that the interest computation should be as follows:

| | | | | |
|---|---|---|---|---|
| On $14,585.74 from | 9/15/44 to | 9/15/46 | $1750.29 |
| " 21,480.92 " | " | " 8/24/57 | 3790.93 |
| " 13,893.49 " | 10/31/46 | " 8/24/57 | 680.02 |
| | | | 6221.24 |
| | Less post war credit | | 333.48 |
| | | | $5887.76 |

and seeks to recover the difference $1,-599.22. The government resists this portion of the claim, but concedes that taxpayer is entitled to recover on an additional claim set forth in paragraphs 15 through 18 of the amended complaint the sum of $210.58.

It will be observed that the computations differ only in the amount on which interest is figured for the period 9/15/44 to 9/15/46, the plaintiff apparently claiming that on the basis of 292(c), 1939 I.R.C., the deficiency should have been reduced, so far as interest computation was concerned, by the $13,893.49 excessive excess profits credit carry back.

Section 292(c) provides as follows:

"(c) (as added by Sec. 6(a) of the Tax Adjustment Act of 1945, c. 340, 59 Stat. 517.) *Deficiency Resulting from Carry-Back and Related Matters.* If any part of a deficiency is determined by the Commissioner to be attributable (A) to a carry-back to which an overpayment described in section 3771(e), or a decrease determined under section 3780(b), in any other tax is attributable, or (B) to an error in the amount or effect of a carry-back which resulted in a credit or refund of an overpayment with interest computed pursuant to section 3771 (e), or in a decrease determined under section 3780(b), no interest shall be assessed or paid under subsection (a) with respect to such part of the deficiency for any period during which interest was not allowed with respect to such overpayment or for a period prior to the application of such decrease."

Here the deficiency is attributable to an operating loss carry back to which the overpayment of refund due to unused excess profits carry back of $13,-893.49 is attributable, but the operating loss carry back was not entitled to be considered with reference to interest for the period following 10/31/46, for which interest was assessed on the $13,893.49, since it was wiped out on 9/15/46 by offset against the deficiency for 1944 of $49,960.15.

Summary judgment may be entered for the plaintiff to recover the sum of $210.58 only.