**Fred INGANNAMORTE and Romona Ingannamorte, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 1088–59.

United States District Court
D. New Jersey.

Dec. 21, 1960.

David H. Rothberg, Plainfield, N. J., Clare R. Petti, New York City, of counsel, for plaintiffs.

Chester A. Weidenburner, U. S. Atty., by Charles H. Hoens, Jr., Ass't U. S. Atty., Newark, N. J. for the Government.

MEANEY, District Judge.

This is an action to recover moneys allegedly erroneously and illegally collected by the Commissioner of Internal Revenue from the plaintiffs.

The facts have been stipulated, and insofar as pertinent to the decision of this case they are as follows:

Plaintiffs filed federal income tax returns for the years in question, 1947, 1948, 1949, 1950, and 1951. Subsequently they consented in writing (using Treasury form 872) to the extension of the period of limitation upon assessments of deficiencies in income tax for the years in question. This period was extended to June 30, 1956. On April 13, 1956 income tax deficiencies and interest were assessed for the years in question, interest being computed from the date upon which the tax found owing was to have been paid, to March 28, 1956. Notice and demand for payment was issued on April 20, 1956. Warrant for distraint was issued on June 7, 1956. Lien claim was filed on September 17, 1956.

At various times during the period from November 29, 1956 to September 4, 1958 all amounts assessed representing tax deficiencies and the above referred to interest were paid. Plaintiffs also paid so-called "delinquency interest" which is computed upon the total assessment (tax deficiency plus interest) for the period from the date of the notice and demand for payment, to the date of payment. Thus there are two separate items of interest, which for convenience will be referred to as "deficiency interest" and "delinquency interest." Plaintiffs challenge the collection of both items of interest and seek refund thereof. They do not challenge the assessed deficiencies in income tax.

### Deficiency Interest

Plaintiffs' contention in this regard is that the long delay in examination of their returns for the years 1947 through 1951 was due to the gross negligence of the District Director of Internal Revenue, and that consequently it is unjust to charge them with the interest which accrued from the date when the tax should have been paid.

■ This contention can be answered summarily. There is nothing before the court on the question of delay except the allegations in the complaint and the stipulated fact that the assessments for the years 1947 through 1951 were not made until April 13, 1956. Furthermore, plaintiffs waived their right to an early assessment of whatever deficiencies might be found by executing the consents provided for by Section 276(b) of the Internal Revenue Code of 1939 (26 U.S.C. § 276(b) (1952 Ed.) ). There is nothing in the record to negate this concession on the part of the plaintiffs.

■ In any case the court can perceive no injustice to plaintiffs since they had the use of the money while the claim for interest thereon was mounting.

### Delinquency Interest

The second contention of plaintiffs has more substance. They claim that they are being charged "interest on interest" in that they were charged interest from the date of the notice and demand for payment to the dates of payment. The amount upon which this interest was computed is the amount of the assessment, which of course included the "deficiency interest" dealt with above.

■ Section 294(b) of the Internal Revenue Code of 1939 (26 U.S.C. § 294 (b) (1952 Ed.) ) makes it clear that "delinquency interest" could properly be collected upon "deficiency interest" in cases arising under the Internal Revenue Code of 1939. Ginsburg v. United States, 1 Cir., 1960, 278 F.2d 470. It is equally clear that this cannot be done under the Internal Revenue Code of 1954 (26 U.S. C. § 6601(f) (2) (1958 Ed.) ). The Internal Revenue Code of 1954 specifically excepts from the application of section 6601(f) (2) any tax imposed by the Internal Revenue Code of 1939 (26 U.S.C. § 7851(a) (6) (A) (1958 Ed.) ). Thus

if the amount paid, even though assessed and collected after the effective date of the Internal Revenue Code of 1954, is for present purposes a "tax imposed by the Internal Revenue Code of 1939" (26 U.S.C. § 7851(a) (6) (A) (1958 Ed.) ) there can be no objection to "delinquency interest" computed in part upon assessed "deficiency interest."

Section 294(b) of the Internal Revenue Code of 1939 indicates that "delinquency interest" is to be regarded as a tax imposed by the Internal Revenue Code of 1939:

"Where a deficiency, or any interest or additional amounts assessed in connection therewith under section 292, or under section 293, or any addition to the tax in case of delinquency provided for in section 291, is not paid in full within ten days from the date of notice and demand from the collector, there shall be collected *as part of the tax*, interest upon the unpaid amount at the rate of 6 per centum per annum from the date of such notice and demand until it is paid." (Emphasis added.)

■ Nevertheless, plaintiffs' argument, as the court understands it, is that the Internal Revenue Service was actually proceeding under the Internal Revenue Code of 1954, since assessment was made after the effective date of the Internal Revenue Code of 1954, and since the assessments were made on a form revised in October 1955, allegedly to conform to the Internal Revenue Code of 1954. There is nothing in the record to substantiate this last contention, but in any event the court feels that the Internal Revenue Service proceeded under the Internal Revenue Code of 1939, as it was bound to do by Rev.Rul. 54–426, 1954–2 Cum.Bull. 39:

"Sec. 8. No Interest on Interest.

".01 Under the 1939 Code, accrued interest is charged on deficiency and delinquency assessments * * * which are not paid within 10 days after notice and demand is issued. Such interest is charged on the entire assessment, including penalty, additions to the tax and assessed interest. *This procedure will continue to be applicable in the case of accounts presently outstanding or assessed in the future under the provisions of the 1939 Code.*" (Emphasis added.)

■■ In view of the foregoing the court is of the opinion that all interest charges made by the Internal Revenue Service in this matter were proper.

Judgment will be entered for the defendant.

Submit an order.