*Decision will be entered under Rule 50.*

RISS & COMPANY, INC. (A DELAWARE CORPORATION), TRANSFEREE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 74950. Filed December 2, 1965.

*Robert L. Jackson*, for the petitioner.
*Sylvan Siegler* and *Hugh McMahon*, for the respondent.

### OPINION

FORRESTER, *Judge:* On August 11, 1965, respondent filed his computation in this docket number under Rule 50, in accordance with

our Memorandum Findings of Fact and Opinion filed July 14, 1964, T.C. Memo. 1964–190. On September 9, 1965, petitioner filed an objection to respondent's computation insofar as it related to interest payable on 1952 and 1953 income tax deficiencies which were eliminated by net operating loss carrybacks from 1954 and 1955. Subsequently, a hearing was held and briefs were submitted by the parties in support of their respective positions. (We shall hereinafter use the term "petitioner" when referring either to petitioner or to the transferor.)

Under ordinary circumstances we would have no jurisdiction to determine a matter concerning interest. *Commissioner* v. *Kilpatrick's Estate*, 140 F. 2d 887 (C.A. 6, 1944), affirming a Memorandum Opinion of this Court; *Estate of Mary Redding Shedd*, 37 T.C. 394 (1961), affd. 320 F. 2d 638 (C.A. 9, 1963). However, on September 14, 1960, subsequent to the filing of the petition herein, respondent, acting under section 6861 of the 1954 Code, relating to jeopardy assessments, assessed the following amounts against petitioner:

| Year | Income tax | Interest |
|------|-----------|----------|
| 1952 | $1,078,081.01 | $485,062.61 |
| 1953 | 2,002,779.58 | 780,946.85 |

Section 6861(c) of the 1954 Code provides in part that, under these circumstances, "the Tax Court shall have jurisdiction to redetermine the entire amount of the deficiency and of all amounts assessed at the same time in connection * * * [with the jeopardy assessment]." Section 273(c) of the 1939 Code contains identical language. Under this provision of the statute, we have jurisdiction to redetermine the correct amount of the interest assessed in connection with the jeopardy assessment of 1952 and 1953 income tax deficiencies. *Ginsburg* v. *United States*, 278 F. 2d 470, 473 (C.A. 1, 1960).[1] Under section 6861(a) of the 1954 Code, respondent was required, when he made the jeopardy assessment on September 14, 1960, to assess at the same time "all interest * * * provided for by law"; examination of the amounts of interest assessed discloses that this requirement was complied with. Since both parties agree that interest on the deficiencies which were eliminated by the carrybacks stopped running no later than March 15,

---

[1] In *G. E. Fuller*, 20 T.C. 308 (1953), the deficiencies and interest had been assessed prior to the filing of our opinion therein, presumably under the jeopardy provisions. Although we held (p. 318) that we had no jurisdiction over a question concerning interest, it does not appear that our attention had been directed to sec. 273(c) of the 1939 Code. Indeed, as we stated in our opinion, the question of interest was not discussed on brief. Thus, we do not deem our decision in that case to be controlling on the question of jurisdiction.

1956, which was before the date of the jeopardy assessment, it is clear that we have jurisdiction over the entire amount of interest in dispute.

On the issue of the period for the running of interest, respondent argues that the 1939 Code applies, and that such Code provided for the running of interest until the due date of the return for the loss year. Petitioner makes two arguments: (1) Section 6601(e)(1)[2] of the 1954 Code applies; and (2) even under the 1939 Code interest was terminated on the last day of the loss year.

Turning to petitioner's first argument, we see that section 7851(a)(6) of the 1954 Code provides that subtitle F[3] of such Code "shall apply with respect to any tax imposed by the Internal Revenue Code of 1939 only to the extent provided in subparagraphs (B) and (C) of this paragraph." Subparagraphs (B) and (C) specify that certain of the chapters of subtitle F, but not including chapter 67 and section 6601, shall apply to taxes imposed by the 1939 Code. In view of the specificity of section 7851(a)(6), we conclude that section 6601(e) of the 1954 Code is not applicable here since the question involves interest "with respect to * * * [taxes] imposed by the Internal Revenue Code of 1939." *Ingannamorte* v. *United States*, 189 F. Supp. 341 (D.N.J. 1960), cited by respondent, and dealing with section 6601(f) of the 1954 Code, is in accord.

We now consider petitioner's second argument. The 1939 Code contained no provision comparable to section 6601(e) of the 1954 Code, and the cases shed little direct light on the problem. *Twaits* v. *United States*, an unreported case (S.D. Cal. 1953, 48 A.F.T.R. 1544, 54–1 U.S.T.C. par. 9203), reaches the result sought by respondent, but does not explain the reasons for the decision. Rev. Prov. 60–17, 1960–2 C.B. 942, 952, and *Peck, Stow & Wilcox Co.* v. *United States*, 168 F. Supp. 697 (D. Conn. 1958), also relied upon by respondent, similarly fail to rationalize the conclusions reached therein. On the other hand, petitioner's reliance on certain language of S. Rept. No. 1631, 77th Cong., 2d Sess., pp. 123–124 (1942), 1942–2 C.B. 504, 597,[4] part of the

---

[2] SEC. 6601. INTEREST ON UNDERPAYMENT, NONPAYMENT, OR EXTENSIONS OF TIME FOR PAYMENT OF TAX.

  (e) INCOME TAX REDUCED BY CARRYBACK.—

    (1) NET OPERATING LOSS CARRYBACK.—If the amount of any tax imposed by subtitle A is reduced by reason of a carryback of a net operating loss, such reduction in tax shall not affect the computation of interest under this section for the period ending with the last day of the taxable year in which the net operating loss arises.

[3] Subtitle F includes sec. 6601 (ch. 67).

[4] "A taxpayer entitled to a carry-back of a net operating loss or an unused excess profits credit * * * will not be able to determine the deduction on account of such carry-back until the close of the future taxable year in which he sustains the net operating loss or has the unused excess profits credit. He must therefore file his return and pay his tax without regard to such deduction, and must file a claim for refund at the close of the succeeding taxable year when he is able to determine the amount of such carry-back. * * *"

legislative history of sections 122(b)(1)(A)[5] and 3771(e)[6] of the 1939 Code, which language was quoted by the Supreme Court in *Manning* v. *Seeley Tube & Box Co. of New Jersey*, 338 U.S. 561 (1950), is misplaced. Petitioner ignores the language of section 3771(e), as well as the portion of the committee report immediately following the language relied upon.[7]

In *United States* v. *Hecla Mining Co.*, 302 F. 2d 204 (C.A. 9, 1961), certiorari denied 370 U.S. 918 (1962), the Court of Appeals for the Ninth Circuit had occasion to construe section 3771(e). After reviewing the statutory scheme with respect to interest on overpayments and deficiencies attributable to carrybacks, the court concluded that overpayments arising out of carrybacks are not available to offset deficiencies, for the purpose of interest computations, prior to the time specified in section 3771(e).[8] Applying this rule to the type of situation at issue here, it would appear that interest on 1939 Code year deficiencies eliminated by net operating loss carrybacks should run until the occurrence of some event equivalent to the filing of a claim for refund or a petition with this Court. Cf. *Landers, Frary & Clark* v. *United States*, 137 Ct. Cl. 870, 149 F. Supp. 202 (1957). Compare *Jernigin* v. *Phinney*, an unreported case (W.D. Tex. 1957, 52 A.F.T.R. 1482, 57-2 U.S.T.C. par. 9936), and *Flex-O-Glass, Inc.* v. *United States*, an unreported case (N.D. Ill. 1959, 3 A.F.T.R. 2d 1034, 59-1 U.S.T.C. par. 9328), in which cases no interest was allowed on re-

---

[5] SEC. 122. NET OPERATING LOSS DEDUCTION.

   (b) AMOUNT OF CARRY-BACK AND CARRY-OVER.—

      (1) NET OPERATING LOSS CARRY-BACK.—

         (A) Loss for Taxable Year Beginning Before 1950.—If for any taxable year beginning after December 31, 1941, and before January 1, 1950, the taxpayer has a net operating loss, such net operating loss shall be a net operating loss carry-back for each of the two preceding taxable years, * * *

[6] SEC. 3771. INTEREST ON OVERPAYMENTS.

   (e) CLAIMS BASED ON CARRY-BACK OF LOSS OR CREDIT.—If the Commissioner determines that any part of an overpayment is attributable to the inclusion in computing the net operating loss deduction for the taxable year of any part of the net operating loss for a succeeding taxable year or to the inclusion in computing the unused excess profits credit adjustment for the taxable year of any part of the unused excess profits credit for a succeeding taxable year, no interest shall be allowed or paid with respect to such part of the overpayment for any period before the filing of a claim for credit or refund of such part of the overpayment or the filing of a petition with the Tax Court, whichever is earlier; nor for any period beginning with the date of filing of an application under section 3780(a) relating to such part of the overpayment and ending with the last date the Commissioner's determination is required to be made under section 3780(b); nor, in case an application is made under section 3780(a), for any period before the first day of the month immediately following the month in which falls the last date prescribed by law (including any extension of time granted the taxpayer) for filing the return for the taxable year of the net operating loss or unused excess profits credit, or before the date on which the return is filed, whichever is later.

[7] "* * * Inasmuch as any overpayment resulting from the deduction of such carry-back does not occur, as a practical matter, until the net operating loss or the unused excess profits credit for the future taxable year is determined, and inasmuch as it is desirable to insure promptness in the filing of claims to inform the Commissioner that such deductions have been determined, this section provides that no interest will be allowed with respect to any such overpayment for any period before the claim therefor is filed, or a petition asserting such overpayment is filed with the Board of Tax Appeals, whichever is earlier."

[8] See fn. 6, *supra*.

funds that were granted by the Commissioner before the taxpayers had filed formal claims for refund.

Under the rules of the cases heretofore cited, a taxpayer who paid the correct amount of tax in one year, then incurred a net operating loss which, when carried back to the prior year, resulted in an overpayment, is entitled to interest only from the date his claim for refund was filed. If, as was true in the *Jernigin* and *Flex-O-Glass* cases, no proper claim for refund was filed prior to the time respondent actually refunded the overpayments, the taxpayer would receive no interest at all; he would, of course, have the use of his money from the date of the refund.

In the instant case, petitioner underpaid its taxes for the prior years, 1952 and 1953. Certainly, petitioner should fare no better, as regards interest, than a similarly situated taxpayer who paid the correct amount of taxes for the prior years. It does not appear that petitioner, prior to the due dates of its returns for the loss years, 1954 and 1955, took any steps towards applying the losses to the taxes paid (or unpaid) for 1952 or 1953. Petitioner does not assert that the filing of a claim for refund, or any similar event, occurred prior to the respective due dates of the 1954 and 1955 returns. (The returns themselves were filed shortly after such due dates.) Thus, by virtue of Rev. Proc. 60–17, *supra*,[9] which petitioner denounces so strongly, interest on the 1952 and 1953 deficiencies has been terminated on dates at least as early as, if not earlier than, those prescribed by law.

*Decision will be entered in accordance with the computations submitted by respondent.*

---

[9] (1) *Interest on overpayments.* * * * If a loss occurring in a 1954 Code tax year is carried back to a year in which the taxes were imposed by the 1939 Code the taxpayer's right to relief is considered to arise on the due date of the return for the loss year. However, no interest is allowable on an overpayment, attributable to the carry-back loss unless a claim, or a petition to the Tax Court of the United States was filed for the year to which the loss is applied. Interest is then allowable from the date the claim or petition was filed, or from the date of overpayment, if later.

(2) *Interest on deficiencies extinguished by overpayment due to carryback loss.* * * * If the deficiency is for a 1939 Code tax year interest is terminated on the due date of the return for the loss year. This is true regardless of whether the loss year is governed by the 1939 or 1954 Code.