FRANK C. PAPA AND MARY PAPA, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 3553-62, 5369-63 Filed March 31, 1971.

*Carl R. Scacchetti, Jr.*, for the petitioners.
*Stephen M. Miller* and *Aleksandrs V. Laurins*, for the respondent.

OPINION

IRWIN, *Judge:* On July 24, 1970, respondent filed computations in these dockets under Rule 50, in accordance with our Memorandum Findings of Fact and Opinion filed April 22, 1970, T.C. Memo 1970-90. On August 20, 1970, petitioners filed alternative computations. Subsequently, two hearings were held and briefs were submitted by the parties in support of their respective positions.

By way of background, we had held in the aforementioned opinion that there are deficiencies for the years 1954, 1957, 1958, and 1959 with fraud penalties.

On June 22, 1962, respondent made jeopardy assessments totaling $52,051.50 with respect to petitioners' taxable years 1957, 1958, and 1959 as follows:

| Year | Tax | Addition to tax, sec. 6653(b) | Interest | Total |
|------|-----|------|------|------|
| 1957 | $13,367.76 | $6,683.88 | $3,357.32 | $23,408.96 |
| 1958 | 10,997.16 | 5,498.58 | 2,102.11 | 18,597.85 |
| 1959 | 6,158.04 | 3,079.02 | 807.63 | 10,044.69 |
| Total | | | | 52,051.50 |

Sometime prior to April 26, 1963, respondent's agents seized property of petitioners, which was sold on April 26, 1963, and the proceeds, $35,556.80, were deposited in a suspense account. On October 29, 1963, petitioners' then attorney wrote a letter to the district director of internal revenue, Buffalo, N.Y., in which he referred to previous correspondence and reiterated his request that the said proceeds—

be applied to the taxes which have been assessed against these taxpayers [petitioners] for the years 1957, 1958, and 1959, and that an additional voluntary payment be accepted from the taxpayers in an amount sufficient to satisfy those assessments in full so that the liens now on record might be canceled.

On January 7, 1964, the then attorney remitted a check for $16,831.65. On January 10, 1964, the district director acknowledged, by letter, the receipt of the $16,831.65, stating: "As requested, this remittance has been credited to the taxpayers' liabilities." The letter further set forth the situation then existing as follows:

| Document locator No. | Year | Tax | Interest to Jan. 6, 1964 | Total |
|------|------|-----|------|------|
| ME–13872 | 1961 | $218.80 | $14.47 | $233.27 |
| D–104239 Additional | 1958 | [1] 18,597.85 | 1,525.29 | 20,123.14 |
| D–104238 Additional | 1957 | [1] 23,408.96 | 1,854.09 | 25,263.05 |
| D–104240 Additional | 1959 | [1] 9,112.76 | 789.61 | 9,902.37 |
| | | 51,338.37 | 4,183.46 | 55,521.83 |
| Amount to be transferred from suspense account to above accounts | | | | $35,683.39 |
| Remittance received this date | | | | 16,831.65 |
| | | | | 52,515.04 |
| Unpaid balance | | | | 3,006.79 |

[1] It will be noted that these figures include all amounts included in the June 22, 1962, jeopardy assessments. However, petitioners made payments of $931.93 from August 1962 to Jan. 4, 1964, which were credited against the total assessed liability for 1959 of $10,044.69.

On January 13, 1964, petitioners remitted a check in the amount of $3,006.79 to cover the unpaid balance set forth in the above table. Thus, by January 13, 1964, petitioners had paid in full the jeopardy

assessments of taxes, penalties, and interest made on June 22, 1962, and in addition had made payments against certain unassessed taxes and interest. As noted in the above table, the unassessed liabilities included taxes and interest for the year 1961 (which is not involved in this case) and interest to January 6, 1964, on the taxes and penalties involved in the jeopardy assessments of June 22, 1962.

For purposes of the Rule 50 computation the parties are in agreement as to the amounts we determined as deficiencies in tax and penalties for the years involved. The parties are also in agreement that $55,521.83 was paid in accordance with the above table. Their disagreement arises as to the manner in which these payments are to be applied to the deficiencies which we have determined.

Petitioners requested the Court to enter decisions showing the following:

| Year | Tax | Penalty | Interest [1] | Total |
|---|---|---|---|---|
| 1954 | 0 | $6,172.44 | 0 | $6,172.44 |
| 1955 | 0 | 0 | 0 | 0 |
| 1956 | 0 | 0 | 0 | 0 |
| 1957 | 0 | 11,853.38 | 0 | 11,853.38 |
| 1958 | $25,495.24 | 11,838.53 | $10,198.10 | 47,531.87 |
| 1959 | 11,184.32 | 4,572.50 | 4,473.42 | 20,230.24 |
| Total | 36,679.56 | 34,436.85 | 14,671.52 | 85,787.93 |

[1] Petitioners computed interest to August 31, 1970.

Respondent requested us to enter decisions which provide the following:

| Year | Tax | Penalty | Total |
|---|---|---|---|
| 1954 | $12,344.88 | $6,172.44 | $18,517.32 |
| 1955 | 0 | 0 | 0 |
| 1956 | 0 | 0 | 0 |
| 1957 | 23,706.75 | 11,853.38 | 35,560.13 |
| 1958 | 23,677.05 | 11,838.53 | 35,515.58 |
| 1959 | 9,144.99 | 4,572.50 | 13,717.49 |
| Total | 68,873.67 | 34,436.85 | 103,310.52 |

It will be noted that petitioners' computations and request for entry of decisions included an interest factor in all years at issue while respondent's did not. However, respondent, in attached computations which formed the basis for the decisions he requested, detailed all payments made and credited toward the jeopardy assessments of June 22, 1962. He clearly indicated therein that petitioners made payments in the following amounts toward the interest assessed as of that date:

| Year | Payments credited to assessed interest |
|---|---|
| 1957 | $3,357.32 |
| 1958 | 2,102.11 |
| 1959 | 807.63 |

Initially, we must emphasize that in the normal case we do not have jurisdiction to determine a matter concerning interest. *Commissioner* v. *Kilpatrick's Estate*, 140 F. 2d 887 (C.A. 6, 1944), affirming a Memorandum Opinion of this Court; *Darrel D. Hudgins*, 55 T.C. 534 (1970) ; *Riss & Co.*, 45 T.C. 230 (1965) ; *Estate of Mary Redding Shedd*, 37 T.C. 394 (1961), affd. 320 F. 2d 638 (C.A. 9, 1963). However, section 6861(c) of the Internal Revenue Code of 1954 provides, in pertinent part, as follows:

the Tax Court shall have jurisdiction to redetermine the entire amount of the deficiency and of all amounts assessed *at the same time* in connection * * * [with a jeopardy assessment]. [Emphasis supplied.]

It is clear from section 6861(c) that we have jurisdiction to redetermine the amount of the interest assessed at the same time and in connection with the aforementioned jeopardy assessments.

Petitioners do not appear to question the amount of interest assessed. Rather they argue that since the district director's letter of January 10, 1964, not only set forth details as to the assessments that should have been paid so the lien could be canceled, but also included separate unassessed interest to January 6, 1964, on the taxes and penalties involved in the jeopardy assessments of June 22, 1962, respondent should include an interest factor in his Rule 50 computation. They state their position as follows:

The letter of January 10, 1964 sets the guidelines of funds paid into the respondent's hands. Those funds, previously paid by the petitioner, included interest payments. They are part of the record, and the petitioners have only sought to carry that application forward, something which the respondent has failed to do.

In reviewing the computations we have concluded that respondent was not trying to deny that petitioners did in fact make payments that were credited against total liabilities (including interest) assessed in the jeopardy assessments of June 22, 1962. Rather we feel he intended to handle on an administrative level all the interest accrued in all years at issue.

In any event, respondent's detailed breakdown attached to his computations indicated that the interest involved in the jeopardy assessments was credited to petitioners. As to the unassessed interest accruing from the date of the jeopardy assessments to January 6, 1964, and as to any other unassessed interest accruing on the deficiencies we had already determined in our earlier opinion, we reiterate that we have no jurisdiction with respect thereto. See *Transport Manufacturing & Equipment Co.*, 434 F. 2d 373 (C.A. 8, 1970), vacating T.C. Memo. 1968-189.

Respondent's computations which are in accord with his prior actions are adopted.

Reviewed by the Court.

*Decisions will be entered in accordance with the computations submitted by respondent.*