DON H. RODGERS AND GERALDINE E. RODGERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; DON H. RODGERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rodgers v. Commissioner
Docket Nos. 4879-79, 4880-79.
United States Tax Court
T.C. Memo 1982-581; 1982 Tax Ct. Memo LEXIS 174; 44 T.C.M. (CCH) 1323; T.C.M. (RIA) 82581; September 30, 1982. Don H. Rodgers, pro se. Mark H. Howard, for the respondent. PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined deficiencies in petitioners' Federal income tax and additions to the tax under section 6653(a) [1] as follows: Additions to
Year
Deficiencies
the Tax
1975
$2,596.83
$129.84
1976
3,574.91
178.75
1977
5,044.75
252.24
The parties having disposed of the family trust issues raised in the statutory notices, the only issue before the Court is whether or not petitioners are liable for interest on *175 the amounts agreed upon. FINDINGS OF FACT Most of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners, husband and wife, resided in Denver, Colorado, at the time they filed their petitions in these consolidated cases. For the year 1975 petitioner Don H. Rodgers timely filed an individual Federal income tax return, and for the years 1976 and 1977 petitioners timely filed joint Federal income tax returns. The substantive tax issues raised during the audit involved the Don H. Rodgers Equity Trust. The family trust issues have been settled by the parties. Petitioner Don H. Rodgers concedes that he is liable for tax in the amount of $2,197 for 1975 and for an addition to the tax pursuant to section 6653(a) in the amount of $110. Petitioners concede that they are jointly and severally liable for taxes in the amounts of $2,718 for 1976 and $3,750 for 1977 and for additions to the taxes pursuant to section 6653(a) in the amounts of $136 and $188, respectively. During the audit petitioners tendered a check dated July 10, 1978, to respondent. That check in the total *176 amount of $6,458.82 bore a notation "for remainder of taxes due 1975, 1976 & 1977." Petitioners apparently made an error in their calculation of the remaining amount of tax due for the years involved. In any event, the figure of $6,458.82 was not the correct amount of tax due and owing for the years 1975 through 1977. On or about August 28, 1978, the internal revenue agent handling the audit returned that check to petitioners uncashed. The record is not entirely clear in regard to the circumstances surrounding the return of petitioners' check. Apparently petitioner Don H. Rodgers requested the return of that check because he had submitted it on the condition that respondent's computation for additional taxes due was equal to the amount of the check, and that was not the case. In any event, either because he was under the impression that the revenue agent would not permit him to make a partial payment or because he became angry over the progress of the audit and decided to avail himself of the legal services that he regarded as a part of the family trust package he had purchased, or both, petitioner Don H. Rodgers did not thereafter pay or attempt to pay any portion of the taxes *177 for the years 1975-1977 due and owing from him and his wife. OPINION Petitioner Don H. Rodgers (hereinafter petitioner) argues that since he made an effort to pay the tax during the audit, albeit an unsuccessful effort, it would be unfair to require him to pay interest on the deficiencies. [2] We disagree. In any event this Court has no jurisdiction over such interest matters. Standard Oil Co. v. McMahon,244 F. 2d 11, 13 (2d Cir. 1957); Commissioner v. Kippatrick's Estate,140 F. 2d 887 (6th Cir. 1944); LTV Corp. v. Commissioner,64 T.C. 589, 597 (1975); Steubenville Bridge Co. v. Commissioner,11 T.C. 789, 802 (1948). As these cases show, the question of interest does not arise until after this Court's decision on the amount of the deficiencies and the additions to tax becomes final.
*178 Although we have no jurisdiction to decide the interest issue, we append the following comments for the benefit of petitioner's understanding of his situation. Basically, interest is "the amount which one has contracted to pay for the use of borrowed money" or "compensation for the use or forebearance of money." Old Colony R. Co. v. Commissioner,284 U.S. 552, 560 (1932); Deputy v. du Pont,308 U.S. 488, 498 (1940). The fact of the matter here is that petitioner owed certain taxes to the Government, taxes due and owing from about April 15, 1976, April 15, 1977, and April 15, 1978, taxes which he has not yet paid. Petitioner has had the use of this money all of this time; the Government has been deprived of the use of this tax money to which it is entitled. It is not unfair to require petitioner to pay interest on the tax deficiencies and it would be unfair to those taxpayers who timely paid their taxes if he did not do so. The mere fact that petitioner made an unsuccessful attempt to pay part of the taxes back in 1978 neither deprived petitioner of the use of his money nor gave the Government the use of the funds. There is no basi in law or *179 fact for tolling the running of interest on the deficiencies. Assuming that petitioner did receive erroneous advice from the revenue agent as to whether he could pay part or all of the disputed tax during the audit, [3] and it is by no means clear that he received any such advice, the Government is not bound by the erroneous legal advice of its agents. Dixon v. United States,381 U.S. 68, 72-73 (1965); Automobile Club v. Commissioner,353 U.S. 180, 183 (1957); Neri v. Commissioner,54 T.C. 767, 771-772 (1970); Fortugno v. Commissioner,41 T.C. 316, 323 (1963), affd. 353 F. 2d 429 (3d Cir. 1965). *180 In accordance with the parties' stipulation, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue, unless otherwise noted.↩
2. The parties stipulated that "the sole issue which the petitioners want considered by the Court is whether the tender of a check by the petitioners in 1978 as full payment of their taxes for the years 1975, 1976 and 1977 should stop the running of interest on any deficiencies for those years even though the check was subsequently returned to the petitioners, and though the check was never cashed by the respondent." From petitioner's testimony at the trial, the Court is satisfied that he was arguing that interest be tolled only as to the amount of the check tendered, the $6,458.82, not for the full amount due and owing.↩
3. The Tax Court is not deprived of jurisdiction over a deficiency if the amount of tax is paid after mailing of a notice of deficiency. Section 6213(b)(4). There may be problems, however, in regard to payments r deposits made before that time. See Rev. Proc. 64-13, 1964-1 (Part 1) C.B. 674, as to advance payments and deposits. Since no advance payment or deposit was actually made in this case, we need not discuss this matter further. As to remittances made after August 27, 1982, see Rev. Proc. 82-51, I.R.B. No. 1982-35, 11, and Announcement 82-125↩, I.R.B. No. 1982-37, 12.