ROBERT T. BENSON and LINDA C. BENSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Benson v. Commissioner
Docket No. 19374-83.
United States Tax Court
T.C. Memo 1985-615; 1985 Tax Ct. Memo LEXIS 19; 51 T.C.M. (CCH) 136; T.C.M. (RIA) 85615; December 17, 1985. Joe B. Cox, for the petitioners. Kenneth A. Hochman, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined a deficiency in petitioners' 1981 income tax in the amount of $22,604. The facts have been stipulated. The parties have agreed that the correct amount of the deficiency is $19,984. The sole issue tendered to the Court for *20 decision relates to the computation of interest on that deficiency. A threshold question in this respect is whether we have jurisdiction to consider that issue. Since we conclude that we do not have jurisdiction, an abbreviated statement of a rather involved set of facts will suffice for present purposes. Petitioners timely filed their joint Federal income tax return for 1981 on June 15, 1982, the last day of the automatic extension of time which they had obtained upon timely submission of an appropriate application therefor. On that return petitioners reported taxable income aggregating $166,629 and a tax liability of $74,345. Because their total payments towards their 1981 tax liability amounted to $98,585, they reported an overpayment of $24,240. They chose to apply $20,000 of this claimed overpayment to their 1982 estimated income tax liability. They requested a refund of the remaining $4,240. In September of 1982 they received a refund check in the amount of $4,579.20 representing their $4,240 refund plus interest. Meanwhile, the IRS had notified petitioners by letter of July 26, 1982, that they had failed to submit the Form 6251 "Alternative Minimum Tax Computation" *21 along with their 1981 return. On October 6, 1982, petitioners' CPA sent two letters to the IRS, one of them returning the $4,579.20 refund check, and requesting that it be applied to petitioners' 1982 estimated tax. The second letter enclosed a completed Form 6251 together with certain other forms concerning the recomputation of several credits. As a consequence, petitioners disclosed an alternative minimum tax of $19,984, thus increasing their total 1981 tax liability from $74,345 to $94,329. In that second letter of October 6, 1984, petitioners' CPA expressed an expectation that the IRS would "reduce the application of overpayment" to petitioners' 1982 tax liability, obviously expecting that such "overpayment" would be applied pro tanto to discharge the $19,984 increase in their 1981 liability due to the alternative minimum tax. The "overpayment" referred to in the letter was the $20,000 designated by petitioners in their 1981 return (filed June 15, 1982) to be applied to their 1982 estimated tax. The IRS, however, did not proceed in accordance with the expectation expressed by the CPA in the October 6, 1982, letter.Instead, it computed a 1981 underpayment of $22,604, ignoring *22 the suggestion that the "overpayment" previously reported on petitioners' original 1981 return should be credited against their recomputed 1981 tax liability rather than applied towards their estimated 1982 tax. The Commissioner ultimately determined a deficiency for 1981 in the amount of that $22,604. In this Court, the parties have finally agreed that the correct amount of the deficiency is $19,984, precisely the amount that petitioners had computed in the alternative minimum tax form which they had belatedly submitted on October 6, 1982, through their CPA. The only issue now raised by the parties is whether interest on this deficiency should run from June 15, 1982, to October 6, 1982, when petitioners' CPA suggested that the IRS apply $20,000 of the original 1981 "overpayment" to their recomputed liability for 1981, or to April 15, 1983, when an "overpayment" on petitioners' 1982 tax was presumably applied by the IRS to discharge their alleged remaining liability in respect of their 1981 tax. The Government contends that petitioners' election on their 1981 return to credit $20,000 of the "overpayment" computed on that return towards their estimated 1982 tax is irrevocable, *23 that such credit in fact constituted payment of part of their estimated 1982 tax, and that the Commissioner could not be required by the October 6, 1982, letter to reverse that credit and apply $19,984 thereof to payment of petitioners' 1981 tax as of that date. As a consequence, the Government argues, interest on the $19,984 underpayment for 1981 did not cease to accrue on October 6, 1982. Although there would appear to be a substantial basis for the Government's position, we do not have jurisdiction to adjudicate the issue. The jurisdiction of the Tax Court is limited and depends on express statutory authority. Section 7442, I.R.C. 1954; Continental Equities, Inc. v. Commissioner,551 F.2d 74, 79 (5th Cir. 1977); Transport Manufacturing & Equipment Co. v. Commissioner,434 F.2d 373, 381 (8th Cir. 1970). From section 5213 this Court derives jurisdiction to redetermine deficiencies on the timely petition of a taxpayer who has received a notice of deficiency from the Commissioner. Generally, the Tax Court has no jurisdiction over issues involving interest, even when they are associated with a deficiency determination over which the Court does *24 have jurisdiction. See, e.g., Standard Oil Co. v. McMahon,244 F.2d 11, 13 (2d Cir. 1957); Commissioner v. Kilpatrick's Estate,140 F.2d 887, 888-889 (6th Cir. 1944); LTV Corp. v. Commissioner,64 T.C. 589, 597 (1975); Chapman v. Commissioner,14 T.C. 943, 946-947 (1950), affd. 191 F.2d 816 (9th Cir. 1951), cert. denied 343 U.S. 905 (1952). To be sure, there are exceptions to our lack of jurisdiction in respect of interest in certain specific situations, such as those involving interest on a jeopardy assessment, Transport Manufacturing & Equipment Co. v. Commissioner,supra,434 F.2d at 380-381, Papa v. Commissioner,55 T.C. 1140 (1971), Riss & Co., Inc. v. Commissioner,45 T.C. 230 (1965); interest against a transferee, Lowy v. Commissioner,35 T.C. 393 (1960), Louisiana and Arkansas Railway Co. v. Commissioner,28 B.T.A. 153 (1933); or interest which is part of an overpayment, Estate of Baumgardner v. Commissioner,85 T.C. 445 (1985). However, this case does not fall within any of *25 those exceptions, nor does the rationale in any of them apply here. In accordance with the legislative scheme, our decision on the underlying deficiency must become final and the deficiency assessable before interest on the underpayment can be computed pursuant to section 6601, I.R.C. 1954. See Transport Manufacturing & Equipment Co. v. Commissioner,supra, 434 F. 2d at 381-382. We recognize that it would be more efficient for the matter of interest to be disposed of in this proceeding, which properly commenced with a challenge to the underlying deficiency determined by the Commissioner. However, our lack of jurisdiction in this respect has become firmly established in a long line of cases, and if there is to be any change it must come through legislative channels. Decision will be entered for the respondent in accordance with the agreement of the parties as to the deficiency for 1981.